Daniel, Judge,
 

 after stating the facts, as above set forth, proceeded: — The defendant has made several objections to the plaintiff’s claim, we will notice them in their order.
 

 First:
 
 That the will of John Patterson, Sen,, under which the plaintiff claims, was obtained by fraud; although he admits it has been admitted to probate by the county court.
 

 Answer.
 
 A will cannot be set aside in equity, for fraud or imposition. For, if it be of personal estate, in England, the ecclesiastical court has jurisdiction; and if of real estate, a court of law, by issue
 
 devisavit vel non.
 
 I Chitty’s jj. Dig. 596, 597. A court of equity has no jurisdiction to declare what is, or is not, a man’s last will.
 
 Pemberton
 
 v.
 
 Pemberton,
 
 13 Ves. 297. Therefore this objection is an-J swerable.
 

 Second objection.
 
 The plaintiff brought suit at law for the slave James, and there was a verdict and judgment for the defendant.
 

 Answer.
 
 The defendant held the slave as administrator of J. Patterson, Jun., in trust for the plaintiff; and a court of law has no jurisdiction of trusts. The plaintiff’s remedy was only in a court of equity. The judgment at law is no bar here, as the court of law had no jurisdiction of the subject-matter. Therefore this objection is overruled.
 

 Third objection.
 
 The slave belonged to the brothers and sisters of John Patterson, Jun., as his next of kin.
 

 Answer.
 
 The slave belonged, on the death of John Patterson, Jun., to his father, John Patterson, Sen., as his next of kin.
 

 Fourth objection.
 
 Under the will of John Patterson, Sen. the slave James is bequeathed to Duncan Patterson, who was the
 
 cestui que trust
 
 of the plaintiff. That Duncan Patterson, pretending to be the administrator of John Patterson, Jun., (though in fact he was not,) sold the slave James, with a view of making a distribution of the money among the brothers and sisters of John the younger, who, as he, and the defendant then thought, were his next of kin. That the defendant purchased the slave at the sale, at a full and fair price; and has paid, by the consent and order
 
 *459
 
 of Duncan Patterson, to each of the brothers and' sisters, their shares of the purchase-money, except the share of Duncan Patterson, who proposed that payment of that should be delayed until a future final settlement of all their business should take place. It would, (he says,) be against conscience, now to compel him to account for the slave for the use of Duncan Patterson’s estate.
 

 A posses-defendant*0 of fourteen there being noadminis-upon the f,stat? the plara-tiff’s intes-seven,S is not suffi-°aise the Py^u™P‘ abandon
 
 ment
 

 Answer.
 
 First: Th'e defendant has made no proof that he has paid the purchase-money. Secondly: Duncan Patterson being dead, and his administrators not being before the court, the defendant not having filed a cross-bill for that purpose, we cannot, under the present state of the pleadings, take any notice of this part of the defence, for the want of proper parties to contest it.
 

 But the decree in this suit cannot preclude the defendant from availing himself of the same matter in a bill against the present plaintiff", and the representative of Duncan.
 

 Fifth objection.
 
 The defendant says, that he took possession of the slave as his own property, soon after the death of his father in 1813, and has held him as such ever since. He contends, that lapse of time should restrain the court from giving the plaintiff" any relief.
 

 Answer-.
 
 Before the year 1820, there was no person authorized to bring suit; administration on the estate of
 
 o ’
 
 J. Patterson, Sen., was granted to the plaintiff in that year; and in that year the defendant administered on the estate of John Patterson, Jun., and returned an inventory, including the slave James, as the property of his intestate. The
 
 bill
 
 was filed in 1827. There had but seven years elapsed, after a proper person was authorized to sue, before filing of the bill. This length of time never could be considered, in this court, as an objection to a defendant’s executing an express trust. We think this objection must be overruled ; and upon the whole case, wé are of the opinion, that the defendant must be decreed to deliver up to the plaintiff the slave James, and account for his hires and profits.
 

 Per Curiam. .Decree accordingly.