## In re probate of will of THOMAS W. VEAZEY.

[Submitted June Term, 1912. Decided November 18th, 1912.]

1. Proceedings for the probate of a will are not a civil action but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament of the deceased, and section 4 of the Evidence act (*Comp. Stat. p. 2218*) is inapplicable.

2. One who acts as attorney and counsel of a testator in the execution of a will, may testify with reference thereto in a proceeding for probate thereof.

---

The Camden orphans court admitted the will to probate for reasons stated by Judge Joline, as follows:

"Having determined to admit the above-named paper to probate it seems fitting that I should shortly make known my reasons for so doing.

"On the 11th day of May, 1910, Elizabeth L. Shaw filed with the surrogate a caveat against admitting to probate any paper purporting to be the last will and testament of Thomas W. Veazey, deceased. The testimony of the three witnesses to the will, of the scrivener, and of an architect was taken. It is unnecessary to consider the testimony of this last witness as I conceive it to have no bearing upon the main issue, which is, was this will executed in conformity with the laws of this state?

"Before considering the testimony of the witnesses, it may be well to ascertain the law relating to the attestation clause in cases where the recollection of the witnesses is not exact as to the execution of the will.

"In *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 325, 326; affirmed, 39 N. J. Law (10 Vr.) 113,* it is held that the attestation clause is *prima facie* evidence of all the facts stated in it, and if the attesting witnesses, when called, admit their signatures, but through defect in memory, or for any other reason, fail to testify to the due execution of the will, it may be established on the presumption arising from the form of the attestation clause, unless there be affirmative evidence given to disprove its statements, and the court further on cites the language of Lord Lenzance in *Wright* v. *Rogers, 1 L. R. P. & D. 678,* practically to the same effect.

"In *Mundy* v. *Mundy, 15 N. J. Eq. (2 McCart.) 290, 293,* Chancellor Green states the law to be that the attestation clause with the signatures of the witnesses is *prima facie* evidence of the facts stated in it. It may be overcome by witnesses themselves, or by other witnesses, or by facts and circumstances irreconcilable with its verity. In *Tappan* v. *Davidson, 27 N. J. Eq. (12 C. E. Gr.) 459, 462,* the court said if it is doubtful on the evidence whether the will was not signed at the table, under such circumstances the presumption arising from the statement the attestation clause is not overcome. *Ayres* v. *Ayres, 43 N. J. Eq. (16 Stew.) 569; Elkinton* v. *Brick, 44 N. J. Eq. (17 Stew.) 167; Turnure* v. *Turnure, 35 N. J. Eq. (8 Stew.) 440.*

"In *McCurdy* v. *Neall, 42 N. J. Eq. (15 Stew.) 334,* it was held that where the attestation clause is perfect the court must have clear proof to warrant the conclusion that the will was not duly executed.

"Other cases to the same purport are: *Farley* v. *Farley, 50 N. J. Eq. (5 Dick.) 434, 439; Darnell* v. *Buzby, 50 N. J. Eq. (5 Dick.) 727; Stewart* v. *Stewart, 56 N. J. Eq. (11 Dick.) 765; Lacey* v. *Dobbs, 61 N. J. Eq. (16 Dick.) 583; Lacey* v. *Dobbs, 63 N. J. Eq. (18 Dick.) 327; Beggans Case, 68 N. J. Eq. (2 Robb.) 574.*

"The attestation clause in the case sub judice is as follows:

'Signed, sealed, published and declared by said Thomas W. Veazey, the testator above named, as and for his last will and testament in the presence of us who in his presence and in the presence of each other have hereunto subscribed our names as witnesses thereto.'

"The signature of Thomas W. Veazey appears opposite a seal above this attestation clause, and the signatures of E. Fullerton Cook, J. W. England and Jacob S. Beetem, in the order named, appear thereunder. It is admitted that the will was taken into another room for Mr. Beetem's signature, but that is immaterial if Cook and England executed it properly. *Allaire v. Allaire, 37 N. J. Law (8 Vr.) 328.*

"The attestation clause cited above is perfect, and it follows that it is *prima facie* evidence of all the facts stated in it, not to be overcome by lapse of memory of the witnesses.

"Now, an examination of the testimony shows in substance the following facts: England admits that the signature of J. W. England to the will is his; that he saw Mr. Veazey sign it; that Prof. Cook, Mr. Veazey, the attorney and Mr. Beetem were present; that it was in the college library; that he was passing through the library at noon, and was asked to sign it; and that he then signed as a witness; that he said it was a will and that he remained present until all the other witnesses signed their names.

"Cook admits his signature; that he has no recollection of seeing Veazey sign; that he was passing through the library and Veazey asked him to sign or witness his will; that someone who was in the library was present, but that he can't recall who it was; that he can't say that it was England; that he does not remember seeing either England or Beetem sign their names; that he can't say whether Veazey signed prior to him; that he has no recollection of the attestation clause being read over to him.

"Beetem admits his signature, but is generally ignorant of what occurred. He said that if anyone had asked him if he signed Veazey's will he would have said no; that he hasn't the slightest recollection of it.

"It will be noticed that there is nothing in the testimony of either of these witnesses to negative the facts stated in the attes-

tation clause. The first two admit that they were asked to sign a will; they all admit their signatures; England says they were all present. Cook says that someone connected with the college was present. They do not say that they didn't execute the will legally; there is a defect, a lapse of memory; they do not remember; there is nothing inherent in the case to lead to the belief that the attestation clause does not correctly state the facts; there are no facts shown irreconcilable with its verity; and I must conclude that, in so far as these witnesses are concerned, the will is proved by the presumption arising from the form of the attestation clause. *Mundy* v. *Mundy, 15 N. J. Eq. (2 McCart.) 290; Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 326.* If, however, I were in doubt, such doubt would be resolved in favor of the due execution of the will by the evidence of John D. Baltz, who drew it. He is a lawyer, a brother-in-law of the testator; he took the will to him to be executed, attended to its execution, and swears in detail to its execution, according to the law of New Jersey. Supplemented as his testimony is by the attestation clause, I cannot doubt that this will was duly executed by at least Cook and England, and that it should be admitted to probate.

"No evidence was offered to overcome the presumption afforded by the verity of the attestation clause. The effect of this, the verity of the attestation clause, is to throw the burden of proof upon the opponents of the will. *Turnure* v. *Turnure, 35 N. J. Eq. (8 Stew.) 440; Tappan* v. *Davidson, 27 N. J. Eq. (12 C. E. Gr.) 460; Mundy* v. *Mundy, 15 N. J. Eq. (2 McCart.) 290; Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 312.* The only evidence offered by the caveatrix was that of the architect as to the rooms, and this affected the signature of Beetem alone. As before shown, this was unnecessary to the due execution of the will, I being satisfied that Cook and England had duly executed it. *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 328.*"

*Messrs. French & Richards,* for the appellant.

*Mr. Lewis Starr,* for the respondent.

The opinion of the court was delivered by

SWAYZE, J.

The ordinary affirmed the decree upon the opinion of Judge Joline. We concur in the opinion and would add nothing were it not for the fact that two objections to the admission of the testimony of Mr. Baltz are urged in this court. The first is, that as he is an executor and one of the proponents of the will he is incompetent under the statute to testify as to transactions with the deceased. The second is, that as he was the attorney and counsel of the testator in the execution of the will his evidence is incompetent for that reason. The first question raised has not been decided by this court. It has been the subject of decision in three cases in the prerogative court. *Mackin* v. *Mackin, 37 N. J. Eq. (10 Stew.) 528; Grant* v. *Stamler, 68 N. J. Eq. (2 Robb.) 555; McLaughlin's Will, 69 N. J. Eq. (3 Robb.) 479.* In all of these cases the testimony is held to be admissible. The reason was well stated by Chancellor Runyon in the case first cited. The statute applies only in the case of civil actions. Proceedings for the probate of a will are not a civil action, but a judicial inquiry to ascertain whether the instrument before the court is the last will and testament of the deceased. We think the evidence was properly admitted so far as this objection is concerned. The other objection is equally untenable. The reasons are stated in *Wigm. Ev.* § *2314.* We have nothing to add. The decree is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY —14.

*For reversal*—None.