LILLIE WILLIAMS v. ARTHUR WILLIAMS, ADMINISTRATOR OF J. A. WILLIAMS, JR.

(Filed 10 December, 1924.)

**1. Courts—Jurisdiction—Constitutional Law—Statutes.**

The General Assembly has constitutional authority to distribute among the other courts prescribed in the Constitution, that portion of judicial power and jurisdiction which does not pertain to the Supreme Court. Const., Art. IV, sec. 12.

**2. Same—Justices of the Peace—Superior Courts.**

By C. S., 1436, exclusive original jurisdiction is conferred on courts of a justice of the peace in actions *ex contractu* where the amount demanded does not exceed the sum of two hundred dollars, and in the

WILLIAMS *v.* WILLIAMS.

Superior Court where the demand exceeds that sum, the jurisdiction of the latter court depending upon whether from the pleadings it may be seen that it was made in good faith, and whether the allegations of the complaint sufficiently allege a good cause of action to sustain the jurisdiction sought.

**3. Same—Pleadings—Good Faith.**

Where it appears from the complaint in an action brought in the Superior Court that a good cause of action is alleged in the amount cognizable only in the court of the justice of the peace, and recovery cannot be had for the difference in amount necessary to sustain the jurisdiction of the Superior Court, a demurrer should be sustained.

**4. Courts—Jurisdiction—Justices of the Peace—Superior Courts—Torts.**

In this case, *held*, the damages plaintiff alleged to have sustained by her having voluntarily undertaken to take care of deceased during his last illness with a contagious or infectious disease, by causing her, under the advice of his attending physician, to destroy the clothes that were on the bed he had occupied, etc., was not in the nature of a tort that would confer jurisdiction in the amount claimed, upon the Superior Court.

APPEAL by defendant from *Bryson, J.,* at May Term, 1924, of ALLEGHANY.

The plaintiff alleges that the defendant is the administrator of J. A. Williams, Jr., deceased; that the intestate at the request of his sister Bessie Williams, who was ill with influenza in the plaintiff's home, went there to wait upon his sister, and two days after his arrival contracted the disease himself, and died on 25 December, 1922, from the combined effects of influenza and tuberculosis; that a few days later the physician who had attended the deceased advised and directed the plaintiff to burn all the bed clothing that had been used by the deceased during his sickness, the value of which was $92.50; that the deceased was indebted to the plaintiff in the sum of $12.00 as the balance due for a horse and in the sum of $36 for board; that the house in which the intestate died has become infected with tubercular germs and is now unfit for habitation; that she has not occupied it since 5 January, 1923; that prior to the time the deceased was taken sick the house was worth $2,500, and that the plaintiff has been damaged in this amount; and that she has demanded payment of $2,650.50, etc.

The defendant demurred on two grounds: (1) The allegations with respect to the destruction of the bed clothing and the damage to the dwelling do not constitute a cause of action; (2) the other items are within the jurisdiction of a justice of the peace and not within that of the Superior Court.

*Floyd Crouse and T. C. Bowie for plaintiff.*
*Doughton & Higgins for defendant.*

WILLIAMS *v.* WILLIAMS.

ADAMS, J. The General Assembly is authorized to distribute among the other courts prescribed in the Constitution that portion of the judicial power and jurisdiction which does not pertain to the Supreme Court. Const., Art. IV, sec. 12. Under this provision the Superior Court is given original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court. C. S., 1436. Justices of the peace have jurisdiction of civil actions founded on contract wherein the sum demanded does not exceed two hundred dollars and wherein the title to real estate is not in controversy. Const., Art. IV, sec. 27.

If the action be *ex contractu* and the sum demanded does not exceed two hundred dollars a justice of the peace has jurisdiction, and the question of jurisdiction is determined by the sum which is demanded in good faith. When the complaint shows that the sum actually in dispute is less than two hundred dollars a mere demand for more than this sum will not confer jurisdiction upon the Superior Court. *Froelich v. Express Co.,* 67 N. C., 1; *Moore v. Nowell,* 94 N. C., 266; *Brantley v. Finch,* 97 N. C., 92; *Bowers v. R. R.,* 107 N. C., 721; *Knight v. Taylor,* 131 N. C., 84; *Teal v. Templeton,* 149 N. C., 32; *Petree v. Savage,* 171 N. C., 437; *Brown v. Taylor,* 174 N. C., 423; *Shoe Store Co. v. Wiseman, ibid.,* 716.

The exercise of good faith as a factor in determining jurisdiction of necessity implies the existence and the statement of a legal or equitable cause of action. Where there is no cause of action there cannot be an exercise of good faith for jurisdictional purposes. The word jurisdiction as applied to courts imports a legal controversy; the power to hear, determine, and pronounce judgment on the issues before the court; or to inquire into the facts, to apply the law, and to render judgment. Demanding recovery of a jurisdictional sum upon allegations which are not sufficient to constitute a cause of action cannot in itself confer jurisdiction to proceed to judgment. In such case there would be no legal cause to be adjudicated and jurisdiction can be acquired only when the law confers the power to pronounce judgment. *Wiseman v. Witherow,* 90 N. C., 140; *Martin v. Goode,* 111 N. C., 288; *Wooten v. Drug Co.,* 169 N. C., 64; 15 C. J., 723 *et seq.*

The defendant admits that the complaint states a cause of action for the board and lodging of the intestate and for the amount alleged to be due for the horse; but he contends that the remaining allegations are not sufficient to warrant a recovery, and he presents this question for decision.

In their brief the plaintiff's counsel say that her cause of action rests, not in contract, but in tort; that the intestate should have foreseen that by attending upon his sister he "would contract influenza and die

therefrom"; and that the defendant is liable for the natural consequences of the intestate's act in impairing the value of the plaintiff's property.

There is no allegation that the deceased was a trespasser upon the plaintiff's premises, or that he failed, neglected or refused to exercise due care for the preservation of his health, or that by reason of any negligent act of omission or commission he damaged or endangered the plaintiff's property, real or personal. Indeed, it is not alleged that the deceased was in the advanced stages of tuberculosis or that he knew, and that the plaintiff did not know that he had the disease at all. In what respect he was negligent we are unable to perceive from a perusal of the complaint. The law does not make any man an insurer of his acts; he is liable only for injury arising from a failure to exercise the care that characterizes the conduct of a prudent man. *Supervisor v. Jennings,* 181 N. C., 293; *Moore v. Iron Works,* 183 N. C., 438; *Gaither v. Clement, ibid.,* 450.

It should be noted that the bed clothing was burnt by the plaintiff upon the advice of the attending physician and not by the direction of the board of health under the exercise of the police power.

Construing the complaint most favorably for the plaintiff we are of opinion that it states a cause of action only as to the items relating to the intestate's board and the trade of the horse, and that these items are within the jurisdiction of a justice of the peace.

Under these circumstances the demurrer should have been sustained.

Reversed.