In the Matter of the Estate of OLE K. BOGSTRAND, Deceased, Also Known as CAPTAIN OLE K. BOGSTRAND.

Surrogate's Court, Kings County, November 3, 1933.

*Benisch, Botter & Benisch,* for the petitioner.

*Gerald I. McCarthy,* for the administrator c. t. a.

*George E. Kennedy,* for Alida Mathilda Helgesen and others.

WINGATE, S. The purpose of the present application by an attorney who was employed in the probating of the will in the present case is to obtain compensation for his services in that regard. The petitioner on the probate was a brother of the testator. By the terms of the will he received no beneficial interest thereunder, as the entire estate was bequeathed to a non-resident alien domiciled in Norway. After the probate had been effected, various proceedings were had for the appointment of an administrator c. t. a. by reason of the fact that the named executor was a Norwegian corporation and finally, pursuant to the agreement of all parties, John F. Crotty received letters in that capacity. The applicant, however, seeks no compensation for services other than those strictly connected with the probate of the will.

The present application is contested by the administrator c. t. a.

on the ground that the acts of the applicant were in reality performed for the benefit of the disinherited brother and constituted a first step in a plan of the brother either to obtain administration for himself or to secure payment of a sizable personal claim against the estate. Even if it be granted that such was the case, the underlying motive which induced the proponent to initiate the proceeding for the probate is wholly immaterial in this connection. It frequently occurs that an undertaker or other creditor will institute such a proceeding with the sole end in view of obtaining a satisfaction of an indebtedness to himself. This action is no more subject to censure than is the similar act of a legatee under the will, whose usually dominant desire is unquestionably to obtain the benefit of the testamentary gift.

The sole question here pertinent is whether the particular proponent who initiated the proceeding in this instance possessed a *locus standi* to propound the will. This question is regulated by section 139 of the Surrogate's Court Act, which authorizes a petition for probate to be made not only by a person named in the will as executor or testamentary beneficiary, but also by a creditor " or any other person interested in the estate."

The meaning of the last quoted phrase has been adjudicated on many occasions. A number of the pertinent decisions on this subject are conveniently collected in the opinion of Surrogate SMITH in *Matter of Tracy* (143 Misc. 800, 802). The result of these adjudications is to determine that this portion of the enactment confers the right to propound a will not only upon any person who would be potentially benefited by the probate, but also upon those who would share in the estate of the decedent in the event that probate were denied.

In the case at bar it appears that the proponent was one of the natural distributees of the decedent and, therefore, is properly to be included in this class. Since the statute authorized him to move for the probate of the will, it follows that the ordinary, necessary expenses incurred by him in this connection would be properly payable from the assets of the estate. In such expenses are to be included reasonable attorneys' fees. It follows, therefore, that the attorney who propounded, and actually secured the probate of the will, is entitled to recompense on a *quantum meruit* basis from the assets of the estate.

The compensation requested appears, however, to be somewhat high in view of the smallness of the estate and the utter lack of any complication involved in the performance of the act. In the absence of any unusual features in an estate of this size, the total compensation for an attorney in probating the will, carrying through

the transfer tax proceeding, performing necessary legal duties in connection with administration, and accounting, should not exceed approximately \$750. This total sum is roughly divisible into quarters; the first, for the actual probate, the second, for the transfer tax proceeding, the third, for services during administration, and the fourth, for the winding up of the estate. On this basis the natural compensation to the attorney for the probate of the will would be slightly less than \$200, and this sum will be allowed to the present applicant.

Proceed accordingly.