In the Matter of the Estate of OLGA E. SEPPALA, Deceased.

Surrogate's Court, Kings County, November 17, 1933.

*Jesse S. Richman*, for the petitioner.

*J. Alfred Anderson*, for the respondent.

*James F. Twohy*, special guardian.

*A. Lionel Levy*, special guardian.

WINGATE, S.   The answering affidavits herein are utterly insuffi-
cient to exculpate the proponent for the unreasonable delay which
has occurred in bringing this will on for probate.   On the other
hand, the precise relief sought in this application cannot be granted,
since there is no proceeding by which another proponent can be
substituted for one already before the court

A probate proceeding is one *in rem* (*Matter of Meiselman*, 138
Misc. 104, 107, and authorities cited), and since the respondent
on this application has brought the *rem* into the court, he is by
the nature of things the proponent thereof.   The court is not,
however, rendered powerless by reason of this fact.   It may either
direct the proponent to proceed with the task which he has under-
taken under penalty of punishment for contempt in the event
of his failure to comply, or it may authorize any other interested
party to take the steps necessary to secure the proper presentation
of the issues for determination and allow such other the attendant
expenses on an application under section 231-a of the Surrogate's
Court Act.

It appears from the petition for probate that the present applicant
is admittedly one of the next of kin of the deceased and, therefore,
a " person interested " in the probate proceeding within the
terminology of section 139 of the Surrogate's Court Act, although
not named as a legatee in the will.   (*Matter of Bogstrand*, 149
Misc. 356.)   She is accordingly authorized to proceed with the
performance of the steps necessary to perfect jurisdiction to author-
ize this court to pass upon the admissibility to probate of the
alleged will, and to bring the question on for hearing.   Her expenses
in this regard will be compensable from the estate.

Since the chief alleged difficulties in connection with the probate

proceeding arise from the fact that six of the alleged next of kin are nationals of Finland, it would seem quite possible that, if approached on the subject, the Finnish consul might authorize his attorney to appear for them, which action would presumably warrant a reasonable allowance to him from the assets of the estate. (See *Matter of Spanier*, 148 Misc. 879, 881; *Matter of Reiss*, 138 id. 845, 847.)

The question respecting the identity of the person who is to be appointed administrator c. t. a. in consequence of the renunciation of the named executor, is not properly determinable until after the will has been admitted to probate. If and when this occurs, the question will be governed by the provisions of section 133 of the Surrogate's Court Act.

Proceed accordingly.