### Fugate v. Fugate et al.
(Decided April 26, 1935.)

HENRY L. SPENCER for appellant.

E. C. HYDEN for appellee.

THOS. T. COPE warning order attorney.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

McKinley Fugate was unsuccessful in his efforts to vacate a void judgment, and he has appealed.

### Original Suit.

On June 15, 1930, McKinley Fugate married Mahala Back. August 14, 1931, they separated. May 17, 1934, Mahala sued him for divorce, alleging cruelty, abandonment, etc. She alleged he was a nonresident of Kentucky, and that Loving, in the county of Eddy and state of New Mexico, was the name of the place wherein a post office was kept nearest, etc. Civ. Code Prac. sec. 58. She procured an attachment (section 2124, Ky. Stats.) which was levied on Mr. Fugate's land in Breathitt county. A warning order was entered and an attorney appointed to advise Mr. Fugate of the suit. Section 59, Civ. Code Prac. July 17, 1934, this attorney filed a report which did not show he had complied with section 59 of the Code. July 20, 1934, the case would have stood for trial if warning order attorney had done his duty. Section 367a-6, Ky. Civ. Code Prac. On that day the court erroneously concluded case was ready for trial, and entered default judgment as prayed by Mrs. Fugate.

### Mr. Fugate's Suit.

On September 19, 1934, Mr. Fugate began a suit against Mrs. Fugate and S. M. Noble, the master commissioner, to set aside the judgment of July 20, 1934, as void, and to restrain Mr. Noble from selling his land under it. He alleged he was a nonresident, that no process had been served on him, that the warning order attorney had never given him any notice by letter or otherwise of the nature or pendency of the original suit, and he had not learned of same until

after the judgment had been entered against him and his land ordered sold. This was never denied. The court consolidated the two cases and entered a judgment denying him the relief he sought, dismissing his petition, and granting him this appeal. The court erred. The judgment of July 20, 1934, was void because the record affirmatively shows the warning order attorney had not complied with section 59, of Civil Code of Practice. See Ely v. United States Coal, etc., Co., 243 Ky. 725, 49 S. W. (2d) 1021. Mr. Fugate could not appeal from the void judgment until he had made an effort in the court which rendered it to set it aside. Section 763, Civ. Code Prac.

The suit by Mr. Fugate to set it aside will be treated as a motion therefor. Wyatt's Trustee v. Grider, 158 Ky. 440, 165 S. W. 420; First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020. The court will set aside the judgment of July 20, 1934, and all things since done under it, including the sale of Mr. Fugate's land, will allow Mr. Fugate to answer if he desires to do so, and allow the original action to be prepared and determined regularly.

Judgment reversed.