## Fugate et al. v. Fugate.

(Decided March 23, 1937.)

E. C. HYDEN for appellants.
HENRY L. SPENCER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This is the second appeal of this case, the opinion on the former appeal being reported in 259 Ky. 18, 81 S. W. (2d) 889. Reference to that opinion dispenses with the necessity of further statement of steps or proceedings prior to the filing of the mandate in the lower court, except in so far as they may bear on the questions presented by this appeal.

On a return of the case appellee did not file answer or other pleading but did take evidence of a few witnesses in an apparent endeavor to refute the grounds alleged for divorce or to show that he was not wholly at fault and also as bearing on the question of alimony. There was some attempt to show misconduct on the part of the plaintiff, but this signally failed.

After plaintiff and other witnesses had testified

in rebuttal, the cause was submitted, and plaintiff was granted an absolute divorce from defendant and it was adjudged that she recover alimony in the sum of $100, and costs including attorney fee of $25, and that her attachment be sustained as to the one-half undivided interest of the defendant in a tract of land described in the petition and that same be sold to satisfy her attachment lien; but it was further adjudged as to the one-half interest alleged to belong to Rosa Mann that the petition be dismissed and the attachment as to same be discharged.

Plaintiff is appealing and argues as grounds for reversal that the court erred in allowing her only $100 as alimony and $25 as attorney fee and in adjudging that her attachment lien only covered one-half of the property described in the petition.

On the first appeal only the petition, report of warning order attorney, judgment and exceptions to the master commissioner's report of sale in the original action were directed by the schedule to be made a part of the record, and that is all of the steps or proceedings in the original action found in the record on this appeal. Rosa Mann was made a party defendant in the original petition, and it was alleged that just prior to the marriage of appellant and appellee, he purchased the tract of land described in the petition and caused the deed to be made to himself and Rosa Mann, but that she paid no part of the purchase price and in fact had no interest in the land, but that appellee was the sole owner thereof. She asked that Mrs. Mann be summoned and required to answer and set up whatever interest she had in the property or be forever barred from asserting title thereto and that it be adjudged that she had no interest whatever in the land. Appellee was a resident of the State of New Mexico, and on proper allegations warning order was made for him, and the record shows that summons issued to Montgomery county which we assume was for Rosa Mann, but there is nothing to show that she was ever brought before the court or entered her appearance to the action; however, in the original judgment, the attachment was sustained and it was adjudged that plaintiff had a lien on the tract of land described in the petition and that Rosa Mann had no right, title, or interest in the land or to any part thereof. In the state of the record

as above indicated, it is impossible for us to determine whether the former judgment in this particular was correct or incorrect, and there is nothing in the subsequent proceedings or record that would warrant us in disturbing the judgment appealed from in so far as it dismissed the petition and discharged the attachment as to the one-half interest in the land alleged to have been conveyed to Rosa Mann. The evidence shows that appellee's interest in this tract of land is the only property he owns in this state, but there is little evidence concerning its value; however, the evidence does form a basis for a conclusion that it is worth only a few hundred dollars. While, as already indicated, the evidence taken to sustain the allegations of the original petition is not in the record, it is apparent from so much of the record as is before us that appellant had a just cause for divorce and was entitled to alimony. It is equally apparent that the amount allowed as alimony and for attorney fee is too small; however, the proof leaves little basis for estimating the amount of alimony that should be allowed. On the record as a whole, we conclude that the chancellor should have allowed not less than $200 as alimony and $50 for attorney fee.

Wherefore, the judgment is reversed, with directions to enter judgment in conformity with this opinion.