## Helton v. Hubbs et al.

May 26, 1939.

ZEB A. STEWART and G. L. DICKINSON for appellant.
KENNETH TUGGLE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In 1931 the appellant and plaintiff below, John Helton, was the owner, in possession of and resided upon a tract of land in Knox County, Kentucky, containing fifty acres, more or less. In November of that year he executed a deed whereby he conveyed his land to Richard Lawson and wife, Ruby Lawson, in consideration of them agreeing to support him the remainder of his life, retaining the right in him to occupy a portion of the premises of the residence thereon, and other specified considerations. Some months thereafter plaintiff abandoned the occupancy of his old home and lived with neighboring friends and relatives until March 24, 1932, when he was adjudged by appropriate proceedings to be of unsound mind and was confined in one of the eleemosynary institutions of the commonwealth for insane persons. In the interim between his departure from his old home and the inquest referred to, he consulted two of the defendants, J. M. Robsion and G. M. Manning

(attorneys), about filing an action against the Lawsons to cancel the deed he had executed to them; but no definite conclusion was reached and no petition then filed. Upon the adjudication in the inquest proceedings, J. F. Perkins was appointed and qualified as committee for appellant and plaintiff below. On April 19th, following his appointment as such committee, he filed an action by his selected counsel—the defendants, Robsion and Manning—in the Knox Circuit Court against the two Lawsons as vendees in the deed referred to, seeking its cancellation for various reasons set out in that petition. The action was contested by the Lawsons and we gather from the record and from briefs of counsel that considerable proof was taken in the preparation of the case, which will hereinafter be referred to as the "cancellation suit or action."

On February 18, 1933, judgment was rendered therein cancelling the deed executed by plaintiff to the Lawsons whereby the title was reinvested in plaintiff; but in the same judgment—and apparently without any notice to plaintiff's committee who was the sole plaintiff therein as a part of it: "It is further ordered and adjudged by the court that the committee's attorneys are entitled to a reasonable fee for their services herein, and said attorneys, J. M. Robsion and G. M. Manning, are allowed $50.00 to be taxed as cost herein and which is now adjudged a lien against said property, and that the plaintiff recover of defendants his cost herein."

The judgment then and there enforced the declared lien by ordering the tract of land sold by the court's commissioner to satisfy the costs and the allowed attorneys' fee. The sale was made pursuant to the order of the court on April 24, 1933; but before that date, and on March 6, 1933 (24 days after the rendition of the judgment), plaintiff, by a proper proceeding, was restored to the rights of a sane person by the verdict of a jury impaneled to inquire into his mental condition. Its verdict was followed on the same day by a judgment of restoration. No steps whatever were thereafter taken in the action manifesting such fact of restoration, and of the termination (except for settlement purposes) of the power and authority of the committee resulting therefrom. Nevertheless the sale was made as and at the time stated, and the commissioner's appraisers valued the land at $300. The defendant, Manning, became the purchaser of the land at that sale at the price of $50,

the amount of the allowed attorneys' fee. The sale was reported at the succeeding term of the court and confirmed, followed by the almost immediate execution of a deed from the commissioner to Manning, the purchaser, notwithstanding the latter's bid was only one-sixth of the appraised value of the land sold, and the time for redemption had not expired.

Manning later conveyed the land to another defendant, Alameda Hubbs, for a monetary consideration of about $200 according to the proof—the deed not reciting it. But, strange to say the commissioner's deed to Manning did not purport to convey to him any interest whatever owned and possessed therein by plaintiff, John Helton; but only conveyed the interest owned and possessed therein by Richard Lawson and Ruby Lawson, the unsuccessful defendants in the cancellation suit, and in which, as we have seen, the judgment of sale was rendered. That judgment, ipso facto, divested the two Lawsons of all interest in the land, and as a consequence they possessed none therein for the Master Commissioner to either sell or convey, even if the court had so directed him. No other conveying instrument was ever executed by the commissioner to the defendant, Manning, and, therefore, he never procured by his deed any interest whatever that plaintiff may have had in the land before the sale was made. Because of his emptiness of title he neither could nor did convey any interest in the land to his vendee, Alameda Hubbs. Therefore, neither the commissioner's conveyance of the land to Manning, nor the latter's conveyance to Hubbs, had any effect to divest plaintiff of any interest he had in the land at the time of the sale or at the time of the execution of the master commissioner's deed, or at any time.

On October 24, 1935, plaintiff filed the instant action in the Knox circuit court against Robsion, Manning, the commissioner who made the sale, his former committee, Perkins, and Alameda Hubbs, in which he attacked—upon various grounds set out in Sections 518 et seq. of our Civil Code of Practice—the parts of the judgment rendered in the cancellation action referred to, insofar as it allowed a fee to attorneys employed by the committee therein and declared a lien on the land to secure it, as well as the order therein directing the land to be sold, and also all other orders following the entries of the judgment, because—as he claimed—they were illegal

and void, and he prayed in his petition that all of such attacked orders be set aside and that both deeds referred to be cancelled. No defendant answered in the case, except the attorneys and one of them (J. M. Robsion) disclaimed any interest in the case upon the ground that his services were rendered by him to plaintiff gratis and without any intention or expectation of reward. The other attorney (Manning) denied the various allegations of the petition and insisted on the validity of each and all of the attacked proceedings and orders. Subsequent pleadings formed the issues and upon submission after proof taken the court dismissed plaintiff's petition, to reverse which he prosecutes this appeal.

The petition attempts to raise a number of questions founded upon the various grounds set out in Section 518 of the Civil Code of Practice under which the action was brought, but it is doubtful whether any of them is available for the purpose, except the one relying upon the entire invalidity of the attacked orders supra of the court. Whether or not that contention is true is dependent upon the further inquiry as to whether the court at the time of entering each of them possessed jurisdiction of the subject matter and of the person of plaintiff herein as party thereto. When a court has jurisdiction of the subject matter was decided by us in the very recent case of Covington Trust Company v. H. H. Owens et al., 278 Ky. 695, 129 S. W. (2d) 186, decided May 19, 1939. We will not repeat here the discussion of the question and the basis for our conclusion as is contained in that opinion, but refer the reader to it for that information. We held therein that the court had jurisdiction of the party (person) complaining of the judgment therein by voluntary appearance and contesting the question at issue. It is pointed out in that case that in order for the court to have jurisdiction of the subject matter the particular issue determined must be properly brought before the court in the particular proceeding for determination, and which was done in that case; but here the record appears to be barren of that necessary element to acquire jurisdiction of the subject matter, since we find no motion for the allowance of an attorney's fee, nor one made to give attorneys a lien upon the land to secure it, nor any motion or other step taken to enforce the lien after the court had decreed it in favor of attorneys. Neither was there any appearance of plaintiff at

such hearings, nor any citation to appear so as to give jurisdiction of his person. So much for all of the orders complained of rendered prior to the report of the master commissioner who made the sale.

From and after March 6, 1933—following which the sale was made, reported, and confirmed and deed executed by the master commissioner—the duties of the committee ceased, and plaintiff occupied a sui juris status. The action was not revived by anyone in his name after his restoration, although the committee's authority ceased after that time. Therefore, there was no one in the case at the time of the latter orders to object or except to the commissioner's report of sale, or to object to the premature order directing that officer to convey the land sold by him to his reported purchaser before the redemption period expired. Neither was there anyone then in the case who might object to the conveyance of the land to the bidding attorney because of his relationship to his actual and former imbecile client, and to insist that his purchase inured for the use and benefit of his unfortunate client. For such reasons we conclude that the allowance of the fee and all following proceedings were illegal and void for want of the court's jurisdiction either of the subject matter or of the person against whom they were in reality entered.

Section 763 of our Civil Code of Practice requires as a condition precedent to an appeal to this court from a void judgment that a motion be first made in the trial court to set aside the judgment appealed from and which the movant seeks to review by this court. In the cases of Wyatt's Trustee, v. Grider, 158 Ky. 440, 165 S. W. 420; First State Bank of Elkhorn City v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020; Soper v. Foster, 244 Ky. 658, 51 S. W. (2d) 927; Fugate v. Fugate, 259 Ky. 18, 81 S. W. (2d) 889, and Green v. Blankenship, 263 Ky. 29, 91 S. W. (2d) 996, we approved the practice of treating an action brought under Section 518 of our Civil Code of Practice as a motion to set aside a void judgment, as is prescribed in Section 763, supra, and to dispose of the action accordingly. Adopting that practice here, we are constrained to hold, for the reasons stated, that all of the orders contained in the judgment rendered in the cancellation action, other than the setting aside of the deed therein contested, were made and rendered without the necessary jurisdiction therefor, and are, therefore, void. But we would not be

understood as holding that an allowed fee to attorneys in that case could not be made by the court, and Section 107 of our present Statutes gives them by its own terms a lien on the recovered land to secure the fee. Nor would we be understood as holding that in an appropriate application the court would not possess authority to enforce the attorney's lien as against the land, but before any such orders may be made the other requisites for jurisdiction must exist.

Defendant, Hubbs, made no defense to the action and has prosecuted no appeal from the judgment cancelling his deed as rendered in the cancellation action. For such reasons his right, if he ever possessed any, to contest that judgment has become lost to him, and which is true even if he had obtained any interest in the land by virtue of his deed from Manning. However, as we have hereinbefore seen, Manning possessed no title to the land, since the commissioner did not attempt to convey any interest in it possessed by the only one who owned it, or any interest in it. Many points urged and discussed by counsel for both sides have not been mentioned by us, since their determination, either the one way or the other, would not affect the reasons heretofore advanced, or our conclusions based thereon.

Wherefore, the judgment is reversed, with directions to set it aside, and for other proceedings consistent with this opinion; the whole Court sitting.