## Swartz v. Caudill, Judge.

June 16, 1939.

208

J. J. Winn for petitioner.

J. A. Richards for respondent.

OPINION BY JUDGE THOMAS—Overruling demurrer.

Sometime in 1937 (the date not being shown by the record) E. A. Swartz filed a petition in the Bath Circuit Court against his wife, Victoria Swartz (the petitioner) whereby he sought a divorce from her on the ground of cruel and inhuman treatment. She answered denying the charge and later filed an amended answer and cross-petition against her husband whereby she sought a divorce against him upon the same ground. Proof was taken by depositions and the cause was submitted to the Bath Circuit Court for determination, but before a hearing was had thereon defendant therein moved to set aside the submission and to permit her to file an amended answer in which she withdrew her cross-petition against her husband, and asked for only a divorce from bed and board, with proper alimony allowance to her. The court permitted that pleading to be filed and the withdrawal therein asked for was made.

The cause was then re-submitted and on December 1, 1937, the court entered judgment on the pleadings and proof, which is styled "Judgment and Final Order." In its preliminary recitals there is this: "By agreement between the parties this cause is now submitted in vacation for *final* adjudication upon *all questions* and *issues* presented by the record." (Our italics). It is then adjudged that, "The defendant, Victoria Swartz, is granted a divorce from bed and board from the plaintiff, E. A. Swartz." The judgment then continues by approving certain agreements relating to property rights between the parties, and to make alimony allowance to the wife, and fixed a fee for her attorney, which it ordered the husband to pay. He objected to the judgment and prayed and was granted an appeal to this court. The wife also objected and excepted upon the ground that she was not allowed the proper amount of alimony, and upon her motion an appeal was granted to her to this court; but neither party perfected an appeal. On June 24, 1938, the husband gave notice to his wife,

the petitioner herein, that he would appear before the Judge of the Bath Circuit Court on July 9 thereafter at 9 o'clock A. M., in the office of the clerk of the Bath Circuit Court and "move the Hon. D. B. Caudill, Judge of the Bath Circuit Court and of the Twenty-First Judicial District of Kentucky, to re-docket the above styled action on the equity docket of said court; to set aside and modify the judgment for divorce from bed and board heretofore entered in this action and to grant the plaintiff, E. A. Swartz, an absolute divorce in accordance with the prayer of his petition in this action and for all proper relief."

Petitioner, by her attorney, appeared at the time and place designated in the notice and objected to the court taking any action pursuant to the notice, and especially to the relief therein contemplated of granting to the husband an absolute divorce on the same record, data and facts as were before the court at the time it entered the judgment of December 1, 1937. That objection—as manifested by a response filed—was based upon two grounds, (a) That the judgment wherein the court refused to grant the husband a divorce as prayed for in his petition was a final one and tantamount to an express dismissal of his petition, especially insofar as it sought that relief, and that the court had no jurisdiction of that issue after the adjournment of the term at which it was rendered, or the term when it was spread on the records and signed by the judge. The second ground, (b), was, that even if the court at a succeeding term had jurisdiction to re-docket the case for any purpose, it would have no jurisdiction to grant an absolute divorce upon the *same* facts, grounds and data that were before it at the time it rendered the judgment; and that, since neither the notice nor any other pleading or writing set forth *any* grounds or reasons, whatever, which, under approved rules of practice, would authorize the court to take any such action, it would at least be error for the court to do so and the motion should not prevail.

Counsel for the respective parties argued before respondent that motion, as well as briefed it, and the contested issues were then submitted for final determination. Before respondent reached or rendered any determination under that submission, petitioner filed this original action in this court against him, as Judge of the Bath Circuit Court, seeking to prohibit him from re-docketing the case for the purpose of granting to the

husband an absolute divorce from his wife on the original record that was before him at the time he rendered judgment of December 1, 1937, or to grant any relief he sought by the motion. Respondent has demurred to the petition, and the only question before us is its sufficiency to authorize this court to grant the relief sought by it in this original action filed in this court.

In a long list of cited cases to Section 110 of our Constitution in Baldwin's 1936 Revision of Carroll's Kentucky Statutes we interpreted our authority, in original applications in this court, to issue process for controlling the actions of inferior courts. Those cases hold that as to circuit courts no controlling process will issue in such applications except upon one of two grounds, one, that the court is proceeding or about to proceed outside of and beyond its jurisdiction, or two, that, though acting within its jurisdiction, great and irreparable injury will result to the applicant, and there is no other remedy open to him. As to what is a proceeding in excess of, beyond, or without jurisdiction, is determined in the very recent cases of Covington Trust Company of Covington v. Owens, 278 Ky. 695, 129 S. W. (2d) 186, decided May 19, 1939 and not yet published in State reports, and Helton v. Hubbs, 278 Ky. 621, 129 S. W. (2d) 116, decided May 26, 1939. In those cases the component elements of what is required to confer jurisdiction on a court is discussed and pointed out. It consists of what has come to be recognized as "jurisdiction of the person" and "jurisdiction of the subject matter." The first consists of bringing the person to be affected by the judgment before the court so as to give him an opportunity to be heard; while the second requisite pertains to the right of the court, under the laws of the sovereignty where it sits, to adjudicate the particular character of case, or issue. In discussing the question of what is essential to give jurisdiction of the subject matter, we said in the Owens case, supra: "Involved in that ascertainment there are also two subsidiary elements—(a) whether the court, under the laws of the sovereignty of its creation, is given the right to pass upon the particular class of case involved, and (b) whether or not that particular class of case has been brought before it for determination." The other case cited, as well as other prior ones not cited, recognize the same requirements.

The allegations of the petition, which are admitted

by the demurrer, present these facts: The court rendered judgment in the divorce action on a submission "for *final* judgment." It was recited in it that "This cause is now submitted * * * for *final* adjudication upon all questions and issues presented by the record." (Both italics ours.) On that submission, the court refused to grant the husband a divorce; but instead granted to the wife a divorce from bed and board, and made alimony allowances, and also taxed an allowed fee in favor of her attorney to be paid by the husband. From the recitation in the judgment, and from the order submitting the cause—as well as the nature and character of rulings made on the issues—it is clear that the effect of the judgment was to dismiss the husband's petition, although it was not so expressly stated in the judgment. There then accrued the right in each party to appeal from that judgment to correct whatever errors were committed against them by the trial court. That right or remedy is not excluded by any statute or other rule of practice forbidding appeals from a judgment *granting* an absolute divorce, since none was granted, and the right to have this court review the record and grant a divorce to the husband on appeal to it by him was and is clearly maintainable.

Likewise, the wife could appeal from any judgment with reference to alimony and attorney's allowances to her, or the fixing of property rights between herself and husband. As long as neither of them prosecuted an appeal to this court the judgment remains final and which means, among other things, that relief may not be obtained by either party against it, except by pursuing the remedies afforded by Sections 344 or 518 of our Civil Code of Practice. Neither of them extends any relief to a judgment which has become final, except for discoveries made since the rendition, or for facts happening thereafter, or for fraud committed by the opposing litigant. Neither of them contemplated a rehearing, or a new trial upon the record and facts disclosed therein when the cause was submitted and when the judgment was rendered. The reason for which is that the cause had then reached a stage when it passed from the jurisdiction of the court. Therefore, if the court should undertake to alter or set aside its judgment, based exclusively upon the record that was before it at that time, it would be but an attempt to do something which had passed beyond its jurisdiction, and which is the char-

acter of action sought to be prohibited by this original proceeding filed in this court.

It is true that Section 2121 of our Statutes, supra, says that a judgment from bed and board "may be revised or set aside at any time by the court rendering it," as does also Section 427 of our Civil Code of Practice; but the latter says that it must be done after "showing just cause therefor in an equitable action," or, possibly, by some procedure tantamount thereto. But in this case, as the petition avers, no ground at all was stated in the notice served on the wife (even if it could be treated as the commencement of an equitable action), nor were there any grounds for the relief sought by the notice proposed to be presented to the court in any manner so as to possibly make the application one permitted by the sections of the Code, supra. The only source from which reasons and grounds appear to sustain the husband's motion were necessarily errors committed by the court in rendering the judgment, and which is nothing more nor less than a motion for a new trial, but which could not be entertained at that stage of the proceedings. Therefore, if the court was about to grant it under such conditions and in such circumstances, there could be no other conclusion reached than that it was threatening to proceed without jurisdiction, and which authorizes the issuing of the writ prayed for by the wife in her petition filed in this court. Compare the cases of Ramsey v. Ramsey, 162 Ky. 741, 172 S. W. 1082; Bishop v. Bishop, 238 Ky. 702, 38 S. W. (2d) 657, and Wolfe v. Wolfe, 242 Ky. 162, 45 S. W. (2d) 1043. Also see Sections 343 and 344 of our Civil Code of Practice limiting the time within which a motion for a new trial may be made and entertained when based upon errors contained in the record at the time of the rendition of judgment.

Either party to this litigation, if he or she desires a review of the judgment upon the merits, has two years to prosecute an appeal to this court from the time the judgment became final, and it is our conclusion that the remedy so furnished is exclusive when the application is not based upon any of the reasons or grounds allowed under the sections of the Code, supra. However, it is nevertheless true that under the provisions of Section 2121 of our statutes, and Section 427 of the Civil Code of Practice, the husband may make application to the trial court for alterations in the allowances therein

made to his wife, but in his application he should state in some manner grounds entitling him to such relief, consisting of subsequently occurring facts, or fraud in procuring the judgment. No such grounds, we repeat, were relied on in this case, and the court was without jurisdiction to sustain the motion because no case for adjudication was brought before it by the motion.

It follows, therefore, that respondent's demurrer to the petition should be, and it is, hereby overruled, and he is given until the 23rd day of June, 1939, within which to file response, if he so desires; but if not done at that time, a permanent writ as prayed for in the petition will be granted; the whole Court sitting.