LOUIS H. BRISSIE AND WIFE, SUE BRISSIE; ELLIE L. BRISSIE; T. A. FLOWE AND WIFE, LILLIAN BERNICE FLOWE, v. MARIE CRAIG, EVELYN CRAIG, JAMES GREY CRAIG, LAWRENCE CRAIG; JOE SATTERFIELD; W. G. SATTERFIELD AND WIFE, DOVIE SATTERFIELD; ROBERT SATTERFIELD AND WIFE, IDA SATTERFIELD; LOUIS H. BRISSIE, JR., AND WIFE, DIANA BRISSIE; W. T. BRISSIE; ALLEN ASHCRAFT AND WIFE, MARGARET ASHCRAFT; ALBERT THOMAS FLOWE AND WIFE, BRAUNDA FLOWE; ANNIE MAY SATTERFIELD BRYSON (Now EVANS); ANNIE LOUISE BRYSON; CAROLINA EVANGELISTIC ASSOCIATION, A CORPORATION, ALSO KNOWN AS GARR AUDITORIUM.

(Filed 29 November, 1950.)

**1. Pleadings § 16—**

Demurrer *ore tenus* on the ground that it appears on the face of the complaint that the court is without jurisdiction may be made at any time, even in the Supreme Court on appeal. G.S. 1-127, G.S. 1-134.

**2. Courts § 2—**

In order for a court to have jurisdiction to determine a particular issue it must be brought before it in a proper proceeding.

**3. Wills § 17: Clerks of Court § 4—**

The clerk of the Superior Court has exclusive original jurisdiction of proceedings for the probate of wills, G.S. 2-16, G.S. 28-1, G.S. 31-12 through

31-27, and the Superior Court has no jurisdiction to determine whether a paper writing is or is not a will except upon the issue of *devisavit vel non* duly raised by a caveat filed with the clerk, G.S. 31-32 through 31-37.

**4. Wills § 17—**

A caveat is neither a civil action nor a special proceeding in the strict sense, but is a proceeding *in rem* in which the court pronounces the judgment as to whether the script itself is or is not the will of the deceased.

**5. Wills § 1—**

An instrument of testamentary character is wholly ineffectual until it is admitted to probate by a competent tribunal.

**6. Wills § 15a—**

The right to apply to have a paper writing probated is not limited to parties interested in establishing the paper writing as the will of deceased, but under the statute any "person interested in the estate" may make such application G.S. 31-13, which he may do even though his interest is against the instrument, and in such instance he may apply to have the will proved and simultaneously file a caveat thereto, G.S. 31-32.

**7. Quieting Title § 2—**

In an action to quiet title, plaintiffs may not seek to have an unprobated instrument declared invalid as the last will and testament of a decedent on the ground that defendants claim an interest in the land under such unprobated instrument, since equity has no jurisdiction to declare what is or what is not a last will and testament, and therefore the parties may not confer such jurisdiction upon it as an incident to its equitable jurisdiction to remove clouds and quiet titles.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Crisp, Special Judge,* and a jury, at the May Term, 1950, of MECKLENBURG.

Civil action to annul or cancel an alleged unprobated will as a cloud on title.

The complaint states in detail that William Thomas Brissie, late a resident of Mecklenburg County, died intestate 3 July, 1949, owning certain land in Mecklenburg County and leaving the plaintiffs as his only heirs at law; that the defendants claim that the decedent devised various interests in his property to them by a paper writing dated "2-21-1949," which has never been propounded for probate by any person; that the paper writing is not the will of the decedent and cannot be probated as such because it was not found among his valuable papers; and that the paper writing constitutes a cloud on the title of the plaintiffs to the property of the decedent.

The complaint prays that the paper writing "be declared . . . not the last will" of the decedent, and that the plaintiffs be adjudged the owners of all his property free from the claims of the defendants.

The answer admits that the defendants claim interests in the property of the decedent under the paper writing mentioned in the complaint. It alleges in detail that the paper writing "was found among the valuable papers of the deceased," constitutes his valid holograph will, and "should be duly probated." The answer prays that the relief sought by the plaintiffs be denied, and "that the paper writing referred to be declared the last will and testament of the late William Thomas Brissie and probated as such."

The parties undertook to sustain their respective allegations by testimony, and the court submitted these two issues to the jury: (1) Was the said paper writing found among the valuable papers and effects of the said W. T. Brissie after his death? (2) Is the said paper writing the last will and testament of W. T. Brissie?

The jury answered the first issue "No," and left the second issue unanswered. The court entered judgment "that the paper writing . . . is not the last will and testament of . . . W. T. Brissie" and "does not . . . confer upon the defendants . . . any right, title, or interest in the property of . . . W. T. Brissie." The defendants excepted and appealed, assigning errors.

When the cause was heard in the Supreme Court, the defendants demurred *ore tenus* to the complaint and moved to dismiss the action for that the complaint affirmatively shows upon its face that the Superior Court had no jurisdiction of the subject matter of the action.

*Ralph V. Kidd, Warren C. Stack, and John James for plaintiffs, appellees.*

*Ray Rankin and Henry E. Fisher for the defendants, appellants.*

ERVIN, J. Inasmuch as a court has only the jurisdiction committed to it by law, an objection based on the want of jurisdiction over the subject matter of an action may be raised at any time during the progress of the action. *McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219. As a consequence, the defendants had the right to demur to the complaint in the Supreme Court on the ground that it affirmatively shows upon its face that the Superior Court had no jurisdiction of the subject matter of the action. G.S., sections 1-127, 1-134; *Raleigh v. Hatcher,* 220 N.C. 613, 18 S.E. 2d 207.

In order for a court to have jurisdiction of the subject matter of an action, the particular issue involved must be properly brought before it for determination in the particular proceeding. *Helton v. Hubbs,* 278 Ky. 621, 129 S.W. 2d 116. See, also, in this connection: *Williams v. Williams,* 188 N.C. 728, 125 S.E. 482.

This being true, the Superior Court had no jurisdiction of the subject matter of this action; for under the law of North Carolina the issue of whether a paper writing is, or is not, a man's last will cannot be properly brought before the Superior Court for determination in an ordinary civil action.

The statutes of this State confer upon the Clerk of the Superior Court exclusive and original jurisdiction of proceedings for the probate of wills. G.S. 2-16, 28-1, and 31-12 to 31-27, inclusive; *McCormick v. Jernigan,* 110 N.C. 406, 14 S.E. 971. By this it is meant that the Clerk of the Superior Court has the sole power in the first instance to determine whether a decedent died testate or intestate, and if he died testate, whether the script in dispute is his will. *Hutson v. Sawyer,* 104 N.C. 1, 10 S.E. 85.

Under our procedure, the issue of whether a writing is, or is not, a decedent's will can be properly brought before the Superior Court for decision in a will contest only. McIntosh: North Carolina Practice and Procedure in Civil Cases, section 916. Such a contest is neither a civil action nor a special proceeding in a strict or technical sense. It is a proceeding *in rem* in which the court pronounces its judgment as to whether or not the *res, i.e.,* the script itself, is the will of the deceased. *In re Hinton,* 180 N.C. 206, 104 S.E. 341; *Sawyer v. Dozier's Heirs,* 27 N.C. 97. A proceeding to contest a will is begun by filing a caveat or objection to probate with the Clerk of the Superior Court, who thereupon transfers the proceeding to the civil issue docket of the Superior Court to the end that the issue of *devisavit vel non* may be tried in term by a jury. G.S. 31-32 to 31-37, inclusive; *In re Will of Roediger,* 209 N.C. 470, 184 S.E. 74; *In re Little,* 187 N.C. 177, 121 S.E. 453; *In re Will of Chisman,* 175 N.C. 420, 95 S.E. 769; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 916.

An instrument of a testamentary character is wholly ineffectual until it is admitted to probate by a competent tribunal. *Cartwright v. Jones,* 215 N.C. 108, 1 S.E. 2d 359. Notwithstanding the vindication of their claim is dependent solely upon the lawful establishment of the paper writing in dispute as the valid will of the deceased, the defendants take no steps to offer the script for probate before the only tribunal having jurisdiction of the matter, *i.e.,* the Clerk of the Superior Court of Mecklenburg County. Their neglect in this respect provokes this civil action by the plaintiffs, who entertain the notion that the defendants have paralyzed the probate powers of the judiciary by failing to ask the Clerk of the Superior Court to adjudge that the paper is the will of the decedent.

The plaintiffs are mistaken, for the judiciary does not hold its probate powers by so tenuous a thread. Candor compels the confession, however,

that the misapprehension of the plaintiffs is understandable.    Judges, like other men, have nothing except words in which to phrase their ideas, and the limitations of language produce much perplexity in the lexicon of the law.    This observation finds ready illustration in the differing and sometimes inexact meanings given to identical terms in decisions concerned with the probate of wills.    See: 2 Page on Wills (Lifetime Edition), section 561.

In its true sense, the probate or proof of a will is the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased.    *Hutson v. Sawyer, supra; Re Veazey,* 80 N. J. Eq. 866, 85 A. 176, Ann. Cas. 1914A, 980; *Winters v. American Trust Co.,* 158 Tenn. 479, 14 S.E. 2d 740.    Thus the probating or proving of wills involves the rejection of void scripts as well as the establishment of valid ones.

Ordinarily a proceeding for the probate of a will is begun by a person who claims under the paper and instinctively makes the allegation that the script is the last will of the decedent.    There is no reason in logic, however, why the proceeding should not be initiated by a person who claims against the instrument and makes the counter allegation that it is not the last will of the deceased.    See: *Redmond v. Collins,* 15 N.C. 430.

Happily law and logic are compatible in this respect in North Carolina, for under the procedures prescribed any person having a legitimate end to be served by so doing may bring a proceeding for the probate of an alleged will without regard to whether he is interested for or against it.

G.S. 31-13 provides that "if no executor apply to have the will proved within sixty days after the death of the testator, any devisee or legatee named in the will, or any other person interested in the estate, may make such application, upon ten days notice thereof to the executor."    Properly interpreted, this statute empowers any person interested in the estate of a decedent to make application to have a script purporting to be the will of such decedent "proved," *i.e.,* tested in respect to its validity as a testamentary instrument.    It is obvious that the statutory clause "any . . . person interested in the estate" includes a person who will share in the estate under the law governing intestacy in case a script which purports to be the will of the deceased is adjudged invalid as a testamentary document.    *In re Hardy,* 216 N.Y. 132, 110 N.E. 257; *In re Young's Estate,* 216 N.Y.S. 112, 216 App. D. 595.    Hence, the statute permits a person interested in the estate of a supposed testator to present an alleged will for probate merely for the purpose of obtaining an adjudication of its invalidity.    *In re Tankelowitz's Will,* 294 N.Y.S. 754, 162 Misc. 474; *In re Sappala's Will,* 267 N.Y.S. 776, 149 Misc. 479; *In re Bogstrand's Estate,* 267 N.Y.S. 396, 149 Misc. 356; *In re Tracy's Estate,* 258 N.Y.S. 657, 143 Misc. 800.

23—232

There is no incongruity in permitting a court to pass on the validity of an instrument of a testamentary nature upon the application of a person interested in its rejection.

G.S. 31-32 provides, in substance, that any person entitled under an alleged will, or interested in the estate of the supposed testator, may appear before the Clerk of the Superior Court and enter a caveat to the probate of the alleged will at the time of the application for its probate, or at any time within seven years after its probate in common form. This statute permits a person in interest to file a caveat to an alleged will, which has been offered for probate, and to contest the validity of such alleged will before it has been admitted to probate. *In re Little, supra;* 57 Am. Jur., Wills, section 762.

These things being true, the probate powers of the judiciary afford a complete remedy to a person interested against an alleged will in instances where those interested for the alleged will do not propound it for probate. He make invoke such remedy by the simple expedient of simultaneously applying to the Clerk of the Superior Court having jurisdiction to have the script probated or proved, *i.e.,* tested, and filing a caveat asking that it be declared invalid as a testamentary instrument.

Since the probate powers of the judiciary as defined by statute furnished an ample remedy, there was no occasion for the plaintiffs to ask the Superior Court to pass upon the validity of the disputed document as an incident to its equitable jurisdiction to cancel clouds and quiet titles.

A court of equity has no jurisdiction to declare what is, or is not, a man's last will. *Blue v. Patterson,* 21 N.C. 457. In consequence, such court has no power to entertain a will contest, *O'Brien v. Bonfield,* 220 Ill. 219, 77 N.E. 167; *Wheeler v. Wheeler,* 134 Ill. 522, 25 N.E. 588, 10 L.R.A. 613; or to determine whether a paper shall be admitted to probate. *Kaplan v. Coleman,* 180 Ala. 267, 60 So. 885; *Coulter v. Peterson,* 218 Iowa 512, 255 N.W. 684; *Bradley v. Bradley,* 117 Md. 515 83 A. 446; *Anderson v. Anderson,* 112 N.Y. 104, 19 N.E. 427, 2 L.R.A. 175; *Nicklin v. Downey,* 101 W. Va. 320, 132 S.E. 735.

When all is said, the entire controversy between the parties hinges on this single issue: Is the disputed document the last will of the deceased?

Under the statutes governing probate matters, the Superior Court, as a mere court of law and equity, has no jurisdiction to determine such an issue in an ordinary civil action. The plaintiffs could not confer upon the Superior Court the power denied to it by legislative act by asking the court to pass upon the validity of the alleged will as an incident to its equitable jurisdiction to remove clouds and quiet titles. The underlying reasons are plain. If the Superior Court sitting as a mere court of law and equity cannot entertain direct jurisdiction to establish or invalidate an alleged will in an ordinary civil action, it can possess

no jurisdiction to do so as an incident to its jurisdiction over other matters. Such a course would lead to grave complications; for it would destroy the uniformity of procedures for the probate and contest of wills, and otherwise conflict with the legal system established by the State. *McDaniel v. Pattison*, 98 Cal. 86, 27 P. 651, and *Milner v. Sims* (Tex. Civ. App.) 171 S.W. 784.

We deem it not altogether beside the mark to comment upon the all too frequent unconcern of litigants for the procedures established by law for the determination of juridical disputes. Rules of procedure are indispensable to the orderly and practical functioning of any system of law. The office assigned to them is a simple one. They may be likened unto a ship, for they are fashioned by lawmakers to carry legal controversies into judicial ports for decision. The most foolhardy of mariners does not dare to sail physical seas without chart and compass to steer his course. Yet every day litigants blithesomely embark upon the most boisterous of legal oceans without due heed for the charts and compasses afforded by judicial decision and statutory law. The inevitable results. Courts are compelled to expend much of their energy in rescuing litigants needlessly shipwrecked on procedural reefs, and in consequence have little time left to fulfill their true mission, that is, to administer "right and justice . . . by due course of law . . . without . . . sale, denial, or delay." North Carolina Constitution, Article I, Section 35.

As the Superior Court had no jurisdiction of the subject matter of the action, the judgment is vacated, the demurrer *ore tenus* is sustained, and the action is dismissed.

Action dismissed.

JOHNSON, J., took no part in the consideration or decision of this case.