Pearson, J.
 

 The lessor of the plaintiff, while a
 
 feme covert,
 
 had executed two deeds; and it was agreed, that if the “probate, examination, report and registration” on either of them was sufficient in law, judgment was to be entered for the defendant. But if the probate &c. on neither was sufficient, then judgment was to be entered for the plaintiff. I-Iis Honor was of the latter opinion and directed a judgment in favor of the plaintiff
 

 In this opinion we do not concur. In reference to the first deed, the record of the County Court sets forth, that it was exhibited in open Court, and the execution thereof by the husband was proved by the oath of one of the subscribing witnesses, and it was acknowledged by the wife
 
 ;
 
 “when on motion in open Court, Lemuel Jennings, Esq. one of the presiding Justices, was appointed to take the private examination of the said Susan E. (the wife) as to her consent in signing said deed, who reported, she acknowledged to have signed it of her own free will and accord,
 
 *402
 
 without any compulsion from her said husband. Ordered to be registered.”
 

 The objection is, that it is not set forth, that upon her
 
 private
 
 examination, she acknowledged, <fcc. All that is set forth in this record occurred at the same time.
 
 Joyner
 
 v.
 
 Faulcon, 2
 
 Ired. Eq. 386.
 
 Etheridge
 
 v.
 
 Ferebee,
 
 9 Ired. 312. A member of the Court is appointed to take the private examination, according to the course of the Court; this is done in its “ verge,” that is, in its presence and view: he reports that she acknowledged, &c. The fact that this acknowledgment was made, upon the private examination, which he was appointed to take, is set forth, not merely with “certainty to a common intent,” but with “certainty to a certain intent:” and we hold, that it is not necessary that it should be set forth with
 
 “
 
 certainty to a certain intent” in every particular, so as to
 
 exclude any inference to the contrary,
 
 which might, by possibility, be imagined. This extreme degree of certainty is not now required in criminal pleadings, and specimens of it are only to be found in certain special pleas, which
 
 are not
 
 favored by the Courts. But, if there was occasion for it, the inference is irresistible, that the acknowledgment was made upon the private examination, which a member of the Court had been appointed to take. He acted in its presence, reports the acknowledgment, and the
 
 Court acts upon if,
 
 and orders the deed to be registered. This inference is irresistible, unless we adopt the conclusion, that the County Courts are wholly unfit for the business, which, by law, is confided to them. In
 
 Etheridge
 
 v.
 
 Ferebee,
 
 cited above, it is decided, that if two Justices of the Peace report to the Court, that they have taken the private examination, and the Court receives t.he report and
 
 acts upon it,
 
 it will be inferred that the two Justices were members of the Court and had been appointed for that purpose. This case is the converse of that, and is fully sustained by it, as the rule must work both ways.
 
 *403
 
 Here the appointment, and the fact of the Justice being a member of the Court, are set íorth, and we infer the private examination : and there the private examination is set forth, and we infer the appointment and the fact of the Justice being a member of the Court; and as in that case, so in this, there is a circumstance, that it is not necessary to call in aid of our conclusion, viz: the deed was proven as to the husband by a subscribing witness, which tends to negative the fact of his being present.
 

 The fact, that the deed was proven as to the husband, instead of being
 
 acknowledged both
 
 by him and his wife, was not relied on in the argument; but it may be well to advert to it, as at one time there was an impression that the objection was fatal. All doubt upon this, however, is settled in
 
 Joyner
 
 v.
 
 Faulcon,
 
 cited above;
 
 andin Etheridge v. Ashbee
 
 9 Ired. 353. The point is not made, although the deed there was proven by a witness as to the husband, who did not acknowledge it, as is announced in the last case. This Court has “ every disposition by fair construction to sustain the deeds of
 
 feme coverts’’
 
 — and does not feel it to be a duty to become astute in detecting informal-ities and irregularities, whereby to avoid such deeds and throw the loss on innocent purchasers.
 

 It is not necessary to notice the questions made as to the second deed, upon the agreement of the parties.
 

 Judgment reversed and judgment in iavor of the defendant.
 

 Per Curiam. Judgment accordingly.