Pearson, C. J.
 

 We
 
 are of opinion that the probate of the ■will of John Leatherwood was not sufficient according to the ■certificate, and it was, consequently, error to permit the will to be read in evidence. Had the certificate stopped after .these words; “The last will and testament of John Lea-therwood was duly proved in common form, by the oath of Rufus A. Edmonston, one of the subscribing witnesses thereto,” it would have been sufficient in this view of the question;
 
 Marshall
 
 v. Fisher, 1 Jones, 111;
 
 Beckwith v.
 
 Lamb, 13 Ired. 400;
 
 University v. Blount,
 
 N. C. Term Rep. 13; on the ground that every court, where the subject-matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its proceedings, unless there is
 
 *125
 
 something on the face of tire preceding to- show to the contrary ; for the presnmptio© is, that the Court knew -how to' take the probate of a will., and saw that it was properly done. But if there be any thing on the face of the proceeding to-show the contrary, that will'rebut the-presumption. In
 
 Carrier
 
 v.
 
 Hampton,
 
 11 Ired. 307, the probate of a deed was before,a Judge of the superior court, and he certified “ that Jefferson S. Hampton, being duly sworn,, testified that Edmund Tomberlin, the subscribing witness to the within bill of sale, is dead, and that the signature of Jonathan Hampton, the grantor therein, is in the proper hand-writing of the said grantor,” it is held that the probate was not sufficient, because the Judge professes to set out what was sworn by the witness, and on the face of the proceeding, it appeared that the probate -was defective in this: that the witness did not state upon what ground he founds his opinion, nor by what means he had acquired a knowledge of the hand-writing of the party. In our case, the certificate professes to set out what was sworn to by the witness, Edmondson, i. e., “ who- swears that he saw the said John Leatherwood sign and seal said! paper-writing, and declared it to be his last will and testament, and at the time thereof, was of sound and disposing-mind and memory, and- that he done it freely and without compulsion. — Sworn in open court..”' So, it appears on the-face of this proceeding, that the probate was defective in this:: the witness did not state that he subscribed the will, as a witness, in the presence of the testator, which is- an essential requisite in tliedue execution ofa will- to pass land. The omissions. of this fact, where- particulars are entered into-,.rebuts the presumption that would otherwise- have been made- under the* maxim
 
 omnia pyyesumimtur rite esse acta;
 
 consequently, the probate, as it now appears, must be held to- be defective-Should the fact be that the witness did swear that he subscribed the will, as a witness, in the presence of the- testator, and the omission to set it out was a misprison of the- clerk, the county court may permit an amendment so as to make its re
 
 *126
 
 cords speak the truth, and in that way put the matter right. For this error, there must be a
 
 venire de novo.
 

 We do not see proper to notice the objection that the will was proven by only one witness, whereas, by the Revised Code, it is necessary that it should be proved by at least two witnesses, because it is not necessary for the purpose- of this decision, and from the statement of the case, made by his Honor, it does not appear
 
 at what time
 
 the will was admitted to probate ; for if it was done before the Revised Code went into operation, the probate, by one of the subscribing witnesses, was sufficient. Plow that fact is, will, of course, be set out if the case should come up again.
 

 Peb Cubiam, Judgment reversed.