JOHN M. McCORMICK v. J. W. JERNIGAN et al.

*Probate of Lost Wills—Lost Deeds—Equity—Limitation.*

1. The probate of a lost will must be made before the Clerk of the Superior Court.
2. Lost bonds and deeds must be set up in a court of equity.
3. No statute of limitations applies to the probate of a lost will.

This was a PROCEEDING begun before the Clerk of RICHMOND Superior Court to probate a lost will, heard by *Boykin,* *J.,* at February Term, 1892.

*Messrs. J. D. Shaw* and *Frank McNeill* (by brief), for plaintiff.
*Messrs. W. A. Guthrie* and *Burwell & Walker* (by brief), for defendants.

CLARK, J.: The only question presented by this appeal is whether probate of a lost will can be made before the Clerk of the Superior Court in the exercise of his probate jurisdiction. By sections 2148, 2149, *et seq.,* Clerks of the Superior Court have exclusive jurisdiction of the probate of wills. A will which has been lost before probate, remains and continues in force as a will. *The Code,* § 2176. The only difference between the probate of a will which can be produced and one which has been lost is as to the nature and quantity of the evidence required to prove it. The jurisdiction to prove the will is not changed by its loss. No equitable element is involved.

The setting up a lost deed was in the court of equity, not because from the nature of the evidence, it must be proven in that Court, but because a decree was requisite for a reconveyance, or to enjoin a recovery by the grantor and the like.

Hence a bill for the re-execution of a deed lost or destroyed in the hands of a grantee, cannot be sustained unless there is some additional grounds for relief. *Hoddy* v. *Hoard*, 2 Carter, 474. This is pointed out by Adams on Equity, 167. He also points out that the jurisdiction to set up a lost bond is in equity only because the obligor had a right to demand profert of the bond, and when this could not be had the remedy at law was gone and plaintiff was compelled to go into equity to recover on the bond. He says that after profert was dispensed with, equity courts held on to their acquired jurisdiction though the reason for it had ceased. The jurisdiction as to lost negotiable instruments arose from the right to require indemnity from liability of the paper sued on and alleged to be lost, turning up in the hands of another party, but as to bills or notes not negotiable this reasoning did not apply, and hence, an action to recover upon them could be maintained at law though lost, and proof of their loss could be made in such action. Adams Eq., 168.

The probate of a will is a simple question of proof and no additional matter is involved which requires it to be taken into the court of equity, as is the case with lost deeds, bonds and negotiable papers. The forms for probate of lost wills are to be found in Smith's Probate Law (3d Ed.), and are entitled " In the Probate Court." This is supported by the almost uniform practice in this country. 13 Am. & Eng. Enc. 1077.

The statue of limitations is pleaded but it was not pressed in this Court. The statute does not apply to the simple taking probate of a will. It must be set up, if at all, to the assertion of any rights which may be claimed under the will. In the ruling of the Superior Court that the Clerk did not have jurisdiction there is

Error.