JONES v. BALLOU.

(Filed November 15, 1905).

*Action to Establish Lost Deed—Jurisdiction—Evidence.*

1.  In an action to establish a lost deed, the record of which was also destroyed, a motion to dismiss upon the ground that the action should have been brought before the clerk under section 56 of The Code, was properly refused, as that section is an enabling act giving an additional, but not an exclusive, remedy.

2.  In an action to establish a lost deed, evidence offered by the defendants of a statement by a person that he owned no interest in the property, was properly rejected, where the plaintiffs did not claim under such person, and he was not a party to the action.

3.  An exception not set out in appellant's brief is presumed to be abandoned.

ACTION by T. J. Jones and others against J. R. Ballou and others, heard by *Judge W. R. Allen* and a jury, at the April Term, 1905, of the Superior Court of ASHE County. From a judgment for the plaintiffs, the defendants appealed.

*R. A. Doughton* for the plaintiffs.
*F. A. Linney* and *T. C. Bowie* for the defendants.

CLARK, C. J. This is an action to establish a lost deed, the record of which is also alleged to have been destroyed. The defendants moved to dismiss upon the ground that the action should have been brought before the clerk under section 56 of The Code. This motion was properly refused. That section is an enabling act giving an additional, but not an exclusive, remedy. Jurisdiction in the Superior Court was sustained in *McCormick v. Jernigan,* 110 N. C., 406, and was tacitly recognized in *Tuttle v. Rainey,* 98 N. C., 513; see also 19 A. & E. Enc. (2nd Ed.), 552; with authorities. In *Cowles*

*v. Hardin,* 91 N. C., 231; *Mobley v. Watts,* 98 N. C., 284, and *Hopper v. Justice,* 111 N. C., 420, it was held that a party whose deed with its registration had been destroyed instead of having it set up and recorded could depend upon the rules of the common law to establish its contents whenever an occasion might arise, as in the course of a trial. *Cowles v. Hardin,* 79 N. C., 577, relied on by the defendants, simply holds that when the proceeding is brought by virtue of The Code, section 56, the requirements of that section must be complied with. It is true that originally there was no relief at common law or in equity to decree the re-execution of a deed, except as an ancillary remedy to some other relief as ejectment or to enjoin a recovery and the like, Adams, Eq., sec. 167; *McCormick v. Jernigan, supra;* but chapter 6, Laws 1893, gives the right to bring an action to prevent a cloud upon title and this additional relief the plaintiffs are entitled to besides the decree for setting up and recording the deed, whether such relief is prayed for or not. Clark's Code (3 Ed.), sec. 233 (3), and cases there cited.

No other of the exceptions taken are relied upon in the appellant's brief and we presume were abandoned (*State v. Register,* 133 N. C., 751), except the sixth which was to the rejection of the evidence of C. D. Moore of a statement by Calvin Graybeal that he owned no interest in the property. The plaintiffs do not claim under said Calvin, and he is not a party to the action.

No Error.