CORNELIA CARTWRIGHT v. PAUL W. JONES.

(Filed 1 March, 1939.)

1. **Wills § 10—Failure of proof that instrument was found among valuable papers held fatal to establishment of holographic alteration in joint, statutory will as a holograph codicil thereto.**

   Husband and wife executed a joint will with subscribing witnesses disposing of all their property, which will contained a provision devising the home place to a son. Thereafter the husband, without the knowledge of

the wife, added in his own handwriting after this devise, a provision that as he had sold the home place he wanted the son to have the store house in lieu thereof. The store house was owned by the wife in fee simple. Upon the death of the husband the statutory will was properly probated, and the husband's handwriting in making the alteration and signature was proved by three witnesses and admitted to probate as a holograph codicil to the statutory will. *Held:* The failure of proper proof that the purported holograph codicil was found among deceased's valuable papers is a fatal defect, C. S., 4131, 4144, and the surviving wife has title to the store house and may convey same in fee simple.

**2. Estoppel § 1—Under facts of this case plaintiff held not estopped to assert title in fee by recital in deed of trust that she owned life estate.**

    A wife, executing a deed of trust on property with her husband, is not estopped from asserting her title in fee to the property by a recital in the deed of trust that she owned only a life estate in the property when it appears that she did not know of the recital in the deed of trust, that she paid off the mortgage, and that no one relied on the recital to his injury, or was misled thereby.

APPEAL by defendant from *Cowper, Special Judge,* at October Term, 1938, of PASQUOTANK. Affirmed.

This is a controversy without action submitted upon an agreed statement of facts. C. S., 626, *et seq.*

Plaintiff, being under contract to convey a certain tract of land to the defendant, duly executed and tendered therefor a deed sufficient in form to invest the defendant with a fee simple title, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refused to make payment of the purchase price on the ground that the title offered was defective.

It was agreed that if in the opinion of the court, under the facts submitted, plaintiff were able to convey a good and indefeasible fee simple title to the land in question, judgment should accordingly be entered for the plaintiff, otherwise for the defendant.

The court, being of the opinion that the deed tendered was sufficient to convey a full and complete fee simple title to the lands in question, gave judgment for the plaintiff, from which the defendant appealed, assigning error.

*Worth & Horner for plaintiff, appellee.*
*John H. Hall for defendant, appellant.*

SCHENCK, J. On the hearing the title offered was properly made to depend upon the effectiveness of an attempted change in a portion of Item III of a joint will executed by the plaintiff and her late husband, H. Cartwright, reading:

"Item III. It is our mutual will and desire, that whatever property which belonged to both or either of us and which may be in existence at the death of the survivor of us, shall be divided and distributed after the death of the survivor of us as follows:

"(a)   .   .   .

"(b)   .   .   .

"(c)   The home place to go to our son Melick Cartwright in fee simple (As I have sold the Home Place I want Melick have the store house in place of the one I sold.   Hilery Cartwright).

"(d)   .   .   ."

According to the agreed facts, the plaintiff, Cornelia Cartwright, owned in fee simple "the store house" property referred to in said Item III prior to and at the time of the execution of the said joint will; the words in parenthesis, "As I have sold the Home Place I want Melick have the store house in place of the one I sold.   Hilery Cartwright" were inserted in the joint will in pencil by Hilery Cartwright after the execution thereof by him and his wife, the plaintiff Cornelia Cartwright, and without the knowledge or consent of said Cornelia Cartwright; the joint will, with the exception of the pencil insertion, was typewritten and was proven and ordered to probate on the oath and examination of two subscribing witnesses; the words "As I have sold the Home Place I want Melick have the store house in place of the one I sold.   Hilery Cartwright" were proven and ordered to probate as a codicil to the original typewritten will on the oath and examination of three witnesses; the affidavits of the witnesses and the order of probate, being as follows:

"North Carolina—Pasquotank County.

"J. C. Spence, Lloyd S. Sawyer and C. C. Pritchard, being duly sworn each for himself, deposes and says:

"That he is well acquainted with the handwriting of Hilery Cartwright, deceased, having often seen him write and that the codicil to said Will, as appears by pencil notation in the first (third) paragraph of said Will, and every part thereof, is in the genuine handwriting of said Hilery Cartwright, deceased, and that the signature at the end thereof is in his genuine handwriting.

J. C. SPENCE,
LLOYD S. SAWYER,
C. C. PRITCHARD.

"Severally sworn to and subscribed before me, this 4th day of April, 1933.                                        N. E. AYDLETT,
*Clerk Superior Court.*"

"Upon the foregoing affidavits it is considered and adjudged by the court that the said typewritten paper and every part thereof is the last Will and Testament of H. Cartwright, deceased, and that the said pencil notation or codicil and every part thereof is likewise a part of the last Will and Testament of Hilery Cartwright, deceased. It is, therefore, ordered that the said Will and Codicil, together with the affidavits and this probate, be recorded and filed this 4th day of April, 1933.

N. E. AYDLETT,
*Clerk Superior Court.*"

C. S., 4131, after setting forth the requisites for a valid last will or testament when subscribed by witnesses, provides further in the alternative that no last will or testament shall be good or sufficient in law to convey any estate "unless such last will and testament be found among the valuable papers and effects of any deceased person, or shall have been lodged in the hands of any person for safe-keeping, and the same shall be in the handwriting of such deceased person, with his name subscribed thereto or inserted in some part of such will."

C. S., 4144 reads: "Wills and testaments must be admitted to probate *only* in the following manner:

"1.   . . .

"2. In case of a holograph will, on the oath of at least three credible witnesses, who state that they verily believe such will and every part thereof is in the handwriting of the person whose will it purports to be, and whose name must be subscribed thereto, or inserted in some part thereof. It must further appear on the oath of some one of the witnesses, or of some other credible person, that such will was found among the valuable papers and effects of the decedent, or was lodged in the hands of some person for safe-keeping."

The words inserted in the joint will in pencil were not in it at the time of its execution, but were inserted sometime thereafter without the knowledge or consent of the plaintiff. Such words have never been properly or validly proven and probated as the will of anyone, since it does not appear on oath of any of the witnesses or other credible person that such purported holograph codicil was found among the valuable papers and effects of the decedent or was lodged in the hands of any person for safe-keeping. The insertion of these words under the circumstances was ineffective to pass title to the lands of the plaintiff.

It appears from the agreed statement of facts that subsequent to the probate of the joint will the plaintiff joined in the execution of a deed of trust on "the store house" property to secure a debt of A. M. (Melick) Cartwright, wherein it was stated "said Cornelia Cartwright is the

owner of a life estate in the above described property," and the defendant contends that the plaintiff is estopped by this deed of trust to deny that she owns more than a life estate in the land involved in this controversy. This contention is untenable since it appears that the plaintiff did not know that such statement was contained in said deed of trust, and that it does not appear that anyone relied upon said statement, or was misled thereby, and that the debt secured by said deed of trust has been paid by the plaintiff (notwithstanding it was the debt of A. M. Cartwright) and the deed of trust has been cancelled.

The judgment of the Superior Court is
Affirmed.