LEE FRANCIS ANDERSON AND ANNIE LOU LYNN v. LIZZIE STEVENS ATKINSON, ANDREW STEVENS, FREDERICK JAMES SMITH, RUDOLPH OLLIN SMITH, RHODA SMITH BARNES, EUGENE M. SMITH, VIOLA HOWELL, HENRY STEVENS, WILLIAM ATKINSON, LEONARD OLIVER, ELIZABETH J. McCOY, BESSIE JONES, WILMA LEE JONES, SARAH JONES, MAGDALENE JONES, GERALDINE JONES, WILLIAM JONES, JR., ALPHONSO JONES, HENRY ANDERSON.

(Filed 10 October, 1951.)

1. Wills § 16—

Probate of a will is in the exclusive jurisdiction of the clerk of the Superior Court, and therefore the Superior Court has no original jurisdiction of an action to have plaintiffs declared the owners of land upon allegations that decedent devised it to them but that the will had been lost or destroyed and never admitted to probate, nor do such facts constitute a cause of action, since the will is wholly ineffectual until it is admitted to probate in the proper court. G.S. 2-16, G.S. 28-1, G.S. 28-2, G.S. 31-12 through 31-27.

2. Wills § 4—

Allegations to the effect that decedent contracted, in consideration of personal services rendered, to devise property to plaintiffs, and that decedent did so devise them the property but that the will was lost or destroyed and never admitted to probate, *held* not to state a cause of action against decedent's heirs for specific performance, since, according to the complaint, decedent did not breach the agreement but complied therewith by devising the land to them, and specific performance does not lie until there has been a breach of contract.

APPEAL by defendants from *Williams, J.,* at the April Term, 1951, of the Superior Court of JOHNSTON County.

Civil action to recover land heard upon a demurrer to the complaint.

When it is stripped of immaterial averments and conclusions, the complaint alleges these matters:

That Andrew Atkinson and his wife, Suffany Atkinson, were a childless couple who resided in Johnston County, North Carolina, on 35 acres of land owned by the former in fee simple; that they took the plaintiffs, Lee Francis Anderson and Annie Lou Lynn, into their home when the

plaintiffs were small children and kept them there until the plaintiffs reached maturity; that while they were living in such home, the plaintiffs rendered valuable personal services to Andrew and Suffany Atkinson upon an understanding that Andrew Atkinson was to devise the 35 acres to the plaintiffs subject to a life estate in Suffany Atkinson; that Andrew Atkinson died on 20 December, 1944, and his widow, Suffany Atkinson, occupied the 35 acres from that time until her death, which occurred shortly before the commencement of the action; that Andrew Atkinson left a last will devising the 35 acres to the plaintiffs, but such last will was destroyed or lost after the death of Andrew Atkinson and has never been admitted to probate; that "said will . . . operated . . . to vest title" to the 35 acres in the plaintiffs; and that the defendants, who are the heirs of Andrew Atkinson, have been in the possession of the 35 acres since the death of Suffany Atkinson, and have refused to surrender them to the plaintiffs.

The complaint prays that the plaintiffs "be declared the owners in fee and entitled to immediate possession" of the 35 acres.

The defendants demurred to the complaint in writing, asserting in specific detail that these two things appear upon the face of the complaint: (1) That the court has no jurisdiction of the subject matter of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. G.S. 1-127.

Judge Williams entered a judgment overruling the demurrer, and the defendants appealed to the Supreme Court, assigning that decision as error.

*E. R. Temple and Leon G. Stevens for plaintiffs, appellees.*
*Wellons, Martin & Wellons for defendant, appellants.*

ERVIN, J. The claim of the plaintiffs is founded upon a complaint alleging that Andrew Atkinson devised the 35 acres to them by a last will, which has never been admitted to probate.

It appears, therefore, that the complaint undertakes to present to the court for determination this crucial issue: Did Andrew Atkinson leave a will devising the 35 acres to the plaintiffs?

This being true, the complaint discloses upon its face that the court has no jurisdiction of the subject matter of the action; for under the law of North Carolina the issue of whether an unprobated script is, or is not, a man's last will cannot be properly brought before the superior court for determination in an ordinary civil action. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330.

Under the controlling statutes, the Clerk of the Superior Court has exclusive original jurisdiction to take proofs of wills of persons dying domiciled within his county. G.S. 2-16, 28-1, 28-2, and 31-12 to 31-27,

inclusive; *Brissie v. Craig, supra; McCormick v. Jernigan,* 110 N.C. 406, 14 S.E. 971. The jurisdiction of the clerk to take proof of a particular will is not affected by its loss or destruction before probate. *Fawcett v. Fawcett,* 191 N.C. 679, 132 S.E. 796; *Ricks v. Wilson,* 154 N.C. 282, 70 S.E. 476; *In re Hedgepeth,* 150 N.C. 245, 63 S.E. 1025; *McCormick v. Jernigan, supra.*

The complaint is also subject to the second objection raised by defendants. The demurrer admits the facts pleaded in the complaint, but it does not admit the legal conclusion set out therein that such facts operated to vest title to the 35 acres in the plaintiffs. Since the complaint rests the claim of the plaintiffs to the 35 acres upon the unprobated will of Andrew Atkinson, it does not state facts sufficient to constitute a cause of action. A will is wholly ineffectual as an instrument of title until it is admitted to probate in the proper court. *Brissie v. Craig, supra; Cartwright v. Jones,* 215 N.C. 108, 1 S.E. 2d 359.

The contention of plaintiffs that the complaint states a cause of action against defendants as heirs of the deceased, Andrew Atkinson, for the specific performance of a contract by the deceased to devise the 35 acres to plaintiffs is untenable. There is no language in the complaint indicating that the action was brought for any such purpose. Indeed, that pleading negatives any right on the part of the plaintiffs to maintain an action for specific performance or its equivalent. See: 58 C.J., Specific Performance, sections 308, 309. Such an action cannot lie until there has been a breach of contract. 58 C. J., Specific Performance, sections 6, 494. According to the complaint, Andrew Atkinson did not breach the understanding with plaintiffs. The converse is true. He fully performed it by devising the 35 acres to them.

For the reasons given, the judgment overruling the demurrer is
Reversed.