In the Matter of THE LAST WILL AND TESTAMENT OF BENJAMIN FRANKLIN WOOD.

(Filed 14 April, 1954.)

1. Wills § 17½—

    While the clerk has exclusive original jurisdiction for the probate of a will in common form even though the script is alleged to have been lost, since his jurisdiction to take proof of a will is not affected by its loss or destruction before probate; when answer is filed denying the averment that the script offered for probate is the last will and testament of the decedent, such denial raises the issue of *devisavit vel non,* conferring jurisdiction on the Superior Court in term to determine the entire matter in controversy, G.S. 1-273, G.S. 1-276.

2. Wills § 19—

    Allegations to the effect that the decedent had testamentary capacity, had left a last will and testament which had been lost or destroyed by

some person other than testator, and alleging the terms of the instrument, the existence of property passing under it, and formal requisites of execution, the known heirs and next of kin, and persons interested in the will, together with allegations that testator did not revoke or destroy the instrument, are sufficient to state a cause of action for the probate of the instrument in solemn form.

**3. Appeal and Error § 40f—**

Refusal of a motion to strike portions of a pleading will not be disturbed on appeal when appellant fails to show he was prejudiced thereby.

**4. Infants § 13: Process § 13—**

Failure to show service of process on some of the interested parties and failure to show appointment of guardian *ad litem* for those parties under disability are not fatal defects warranting quashal of the proceeding.

APPEAL by respondents from *Bone, J.,* Resident Judge and Judge holding the courts of the Second Judicial District, at Chambers in Nashville, 21 December, 1953. From NASH.

Proceeding for the probate in solemn form of an alleged lost will.

David B. Wood, one of the parties who would benefit by the alleged will if probated, filed petition with the Clerk of the Superior Court of Nash County, alleging that Benjamin Franklin Wood, late of that county, died on or about 20 February, 1951, leaving a last will and testament by which he disposed of an estate in lands and personal property of the aggregate value of approximately half a million dollars. A copy of the alleged will is set out in the petition, with further allegations that it "was not revoked or destroyed by the . . . testator during his lifetime, but that the same has, subsequent to the death of Benjamin Franklin Wood, been lost, or destroyed by some person other than the testator, and cannot now be found, although diligent search and inquiry has been made."

The petitioner prays that the paper writing be admitted to probate in solemn form *per testes,* and that letters testamentary be issued to the executor named therein.

Thereafter, citations were issued from time to time and served upon numerous interested parties named in the petition, heirs at law and next of kin of the decedent, citing them "to see the proceedings relative to the establishment and probate" in solemn form of the alleged will.

Kirby S. Parrish and others, heirs at law and next of kin of the decedent, herein referred to as respondents, filed a motion, before the clerk, to strike certain portions of the petition. On the same day the respondents also filed answer, before the clerk, denying the material allegations of the petition.

Thereafter, the respondents applied to the Superior Court to quash the petition and dismiss the proceedings, calling their application a demurrer, and alleging as grounds therefor that (1) "the court has no jurisdiction

to hear and determine the matters and things in controversy in this proceeding" and (2) that the petition does not state facts sufficient to constitute a cause of action.

At the December Term, 1953, of Nash Superior Court, the cause came on for hearing before Judge Bone on the respondents' demurrer and motion to strike. By consent the cause was continued to be heard in Nashville on 21 December, 1953, at which time and place the hearing was had, after which Judge Bone entered judgment overruling the demurrer and denying the motion to strike.

From the judgment so entered, the respondents appeal.

*Davenport & Davenport for respondents, appellants.*

*Charles P. Green, John F. Matthews, and Cooley & May for petitioner, appellee.*

JOHNSON, J. The respondents insist that, in the absence of a prior ruling by the Clerk of the Superior Court, Judge Bone was without jurisdictional power to hear and determine their demurrer and motion. The contention is untenable. True, the Clerk had exclusive original jurisdiction of the proceeding; that is, nothing else appearing, it was within his sole province in the first instance to determine whether the decedent Wood died testate or intestate and, if he died testate, whether the script in dispute is his will. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; G.S. 2-16 (14), 28-1, and 31-12 to 31-31.1. And this is so, notwithstanding the script is alleged to have been lost, the rule being that the jurisdiction of the Clerk to take proof of a will is not affected by its loss or destruction before probate. *Anderson v. Atkinson,* 234 N.C. 271, 66 S.E. 2d 886; *In re Hedgepeth's Will,* 150 N.C. 245, 63 S.E. 1025.

However, when the respondents filed answer denying the petitioner's averment that the script offered for probate is the last will and testament of the decedent, such denial raised an issue of *devisavit vel non* and necessitated transfer of the cause to the civil issue docket for trial by jury. *In re Ellis' Will,* 235 N.C. 27, 69 S.E. 2d 25, and cases cited; G.S. 1-273. This being so, jurisdiction to determine the whole matter in controversy, as well as the issue of *devisavit vel non,* passed to the Superior Court in term. G.S. 1-276; *Wright v. Ball,* 200 N.C. 620, 158 S.E. 192; *Faison v. Williams,* 121 N.C. 152, 28 S.E. 188. See also *In re Will of Hine,* 228 N.C. 405, 45 S.E. 2d 526.

Necessarily, then, Judge Bone had full jurisdictional power and authority to hear and determine in the first instance the respondents' demurrer and motion to strike. *In re Ellis' Will, supra; Collins v. Collins,* 125 N.C. 98, 34 S.E. 195.

Next, the respondents challenge the sufficiency of the petition to state a cause of action for the probate in solemn form of the alleged will. A perusal of the petition discloses allegations of these ultimate facts: the death of the testator, that he made and left a last will and testament, the terms of the instrument and existence of property passing under it, formal requisites of execution, testamentary capacity of the testator, lack of revocation or destruction *animo revocandi* by the testator, loss or destruction by some person other than the testator and that the instrument cannot be found after diligent search and inquiry, and the names and addresses of the persons interested in the alleged will, including known heirs at law and next of kin of the decedent. These allegations suffice to sustain the petition and overthrow the demurrer. *In re Hedgepeth's Will, supra.* See also *McCormick v. Jernigan,* 110 N.C. 406, 14 S.E. 971; *In re Will of Wall,* 223 N.C. 591, 27 S.E. 2d 728.

As to the respondents' motion to strike portions of the petition, the rule is that the denial of a motion to strike will not be disturbed when appellant is not prejudiced thereby. *Ledford v. Transportation Co.,* 237 N.C. 317, 74 S.E. 2d 653, and cases cited. Here our examination of the petition leaves the impression that no harm in law will come to the respondents from a reading in the presence of the jury of the portions of the petition sought to be stricken.

The respondents also point to the failure of the record to show (1) service of process on some of the interested persons and (2) appointment of guardian *ad litem* for those under disability, and urge that for these reasons the cause is not properly constituted. Be this as it may, the defects shown are not fatal and do not warrant quashal of the proceeding. The court below may, and no doubt will, see that these defects are remedied before the cause goes to trial.

The judgment below is
Affirmed.