PHYLLIS LEE MORRIS, INDIVIDUALLY AND AS ADMINISTRATRIX WITH THE WILL ANNEXED OF RICHARD MORRIS v. RICHARD LEE MORRIS, AN INFANT, AND J. HARVEY LUCK, GUARDIAN AD LITEM FOR THE INFANT, RICHARD LEE MORRIS.

(Filed 21 November, 1956.)

**1. Wills § 16—**

A will is wholly ineffectual as an instrument of title unless the will is probated and made a matter of record in accordance with the applicable statutes.

**2. Wills § 15a—**

While the Superior Court has no initial probate jurisdiction, this being in the exclusive original jurisdiction of the clerk of the Superior Court, G.S. 2-16, G.S. 28-1, G.S. 31-12, *et seq.*, when the issue of *devisavit vel non* is raised and the matter is transferred to the civil issue docket, the Superior Court in term has jurisdiction of the question of probate as well as the issue of *devisavit vel non.* G.S. 1-276.

**3. Same—**

A holographic will must be probated upon the testimony of at least three witnesses that they believe the will to be written entirely in the handwriting of the person whose will it purports to be, and that the name of the testator as written in or on, or subscribed to, the will, is in the handwriting of the person whose will it purports to be, and a probate which shows on its face that the handwriting of the deceased was proven by only two witnesses renders the paper writing ineffectual to pass title. G.S. 31-39.

**4. Wills § 16—**

While an order of probate in common form is conclusive until set aside in a direct proceeding and may not be collaterally attacked, when the record of probate of a holographic will shows on its face that the handwriting of the deceased was proven by only two witnesses, this rule does not apply, since G.S. 31-19 is applicable only to a decree of probate regular on its face.

**5. Declaratory Judgment Act § 2—**

A proceeding under the Declaratory Judgment Act for a declaration as to how the estate of deceased passed by his purported will must be dismissed when the record of probate of the instrument discloses on its face that the paper writing had not been proven as required by statute, since in such instance the question of title to property under the paper writing is moot, and a moot question is not within the scope of the Declaratory Judgment Act.

JOHNSON, J., not sitting.

APPEAL by defendant J. Harvey Luck, guardian *ad litem* for the infant, Richard Lee Morris, from *Fountain, Special Judge,* July Term 1956 of RANDOLPH.

Proceeding under the Declaratory Judgment Act (G.S. 1-253 *et seq.*) for construction of a paper writing purporting to be a holographic will of Richard Morris, deceased, and a declaration as to how the real and personal estate of the late Richard Morris passed by his purported will as between Phyllis Lee Morris, his widow, and Richard Lee Morris, an infant, his only son.

This is the decree of probate:

"NORTH CAROLINA                                    IN THE SUPERIOR COURT
RANDOLPH COUNTY

> A paper writing, without subscribing witnesses, purporting to be the last will and testament of Richard Morris, deceased, is exhibited for probate in open court by Phyllis Lee Morris, and it is thereupon proved by the oath and examination of Phyllis Lee Morris that the said will was lodged in the hands of her for safe-keeping of the said Richard Morris after his death.

> "And it is further proved by the oath and examination of three competent and credible witnesses, to wit, Bob S. Morris, H. L. Griffin, and                    , that they are acquainted with the handwriting of the said Richard Morris, having often see (*sic*) him write, and verily believe that the name of the said Richard Morris, subscribed to the said will, and the said will itself, and every part thereof, is in the handwriting of the said Richard Morris.

> "And it is further proved by the evidence of the three last mentioned witnesses, that the said handwriting is generally known to the acquaintances of the said Richard Morris.

> Severally sworn and subscribed,
> this 23 day of January, 1956,                    BOB S. MORRIS
> before me.                                       H. L. GRIFFIN
>     JOSEPHINE G. HARPER, Asst.
>     Clerk of the Superior Court.

> "It is therefore considered and adjudged by the Court that the said paper writing and every part thereof is the last will and testament of the said Richard Morris and the same is ordered to be recorded and filed.
>     This 23 day of January, 1956.
>         JOSEPHINE G. HARPER, Ass't.
>         Clerk of the Superior Court.

Dec. 30, 1954

Being of sound mind I hereby bequeath to my wife Phyllis Lee Morris all of property both real and personal to provide for my son Richard Lee Morris and herself.

Richard Morris
Dec. 30, 1954

In Witness of the above:
I, Bartley T. Garvey attest the
signature to be of Mr. Richard
Morris whom I know personally."

Judge Fountain rendered a declaratory judgment adjudicating how the estate passed under the purported will.

To the judgment entered the guardian *ad litem* excepts and appeals.

*J. Harvey Luck, in propria persona, as guardian ad litem for Richard Lee Morris, Appellant.*

*Archie L. Smith and Hammond & Walker for Appellee.*

PARKER, J.  G.S. 31-39 provides "No will shall be effectual to pass real or personal estate unless it shall have been duly proved and allowed in the probate court of the proper county . . ."

A will is wholly ineffectual as an instrument of title unless the will is probated and made a matter of record in accordance with the applicable statutes of our State.  *Osborne v. Leak*, 89 N.C. 433; *Poore v. Poore*, 201 N.C. 791, 161 S.E. 532; *Cartwright v. Jones*, 215 N.C. 108, 1 S.E. 2d 359; *Brissie v. Craig*, 232 N.C. 701, 62 S.E. 2d 330; *Anderson v. Atkinson*, 234 N.C. 271, 66 S.E. 2d 886; *Vandiford v. Vandiford*, 241 N.C. 42, 84 S.E. 2d 278.  See also *Eckland v. Jankowski*, 407 Ill. 263, 95 N.E. 2d 342, 22 A.L.R. 2d 1102.

"The testamentary disposition of property is governed by statute. In order that a paper writing, so designed, may effectuate this purpose it must have been executed and proven in strict compliance with the statutory requirements.  G.S. 31-3, 31-18."  *In re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488.

The statutes of North Carolina confer upon the Clerk of the Superior Court exclusive and original jurisdiction of proceedings for the probate of wills.  G.S. 2-16, 28-1, and 31-12 to 31-27 inclusive; *McCormick v. Jernigan*, 110 N.C. 406, 14 S.E. 971; *Brissie v. Craig, supra*.  Under the statutes governing probate matters, the Superior Court, as a mere court of law and equity, has no jurisdiction to determine an issue whether a disputed writing is the last will of a deceased person in an ordinary civil action.  *Brissie v. Craig, supra*.  However, when an issue of *de-*

*visavit vel non* is raised, that necessitates the transfer of the cause to the civil issue docket for trial by jury, where the Superior Court in term has jurisdiction to determine the whole matter in controversy as well as the issue of *devisavit vel non*.  G.S. 1-276; *In re Will of Wood,* 240 N.C. 134, 81 S.E. 2d 127.

If the paper writing here purporting to be a will is a will, it is a holographic will.  G.S. 31-18.2 sets forth the manner of probate of a holographic will and reads: "MANNER OF PROBATE OF HOLOGRAPHIC WILL.— A holographic will may be probated only in the following manner: (1) Upon the testimony of at least three competent witnesses that they believe that the will is written entirely in the handwriting of the person whose will it purports to be, and that the name of the testator as written in or on, or subscribed to, the will is in the handwriting of the person whose will it purports to be; and (2) Upon the testimony of one witness who may, but need not be, one of the witnesses referred to in paragraph (1) of this section to a statement of facts showing that the will was found after the testator's death as required by G.S. 31-3.4."

The probate of the paper writing here is fatally defective on its face because it states that it was probated upon the testimony of only two competent witnesses, when G.S. 31-18.2 requires the testimony of at least three competent witnesses that they believe that the will is written entirely in the handwriting of the person whose will it purports to be, and that the name of the testator as written in or on, or subscribed to, the will is in the handwriting of the person whose will it purports to be.  Therefore, the probate shows on its face that the paper writing in the instant case has never been validly proven and probated as a holographic will, and is therefore ineffective to pass real or personal property, G.S. 31-39.

*Cartwright v. Jones, supra,* was a controversy without action submitted upon an agreed statement of facts to determine whether the plaintiff was able to convey a good and indefeasible fee simple title to the land in question.  On the hearing the title offered was properly made to depend upon the effectiveness of an attempted change in a portion of Item III of a joint will executed by the plaintiff and her late husband, H. Cartwright.  This item stated "it is our mutual will and desire, that whatever property which belonged to both or either of us and which may be in existence at the death of the survivor of us, shall be divided and distributed after the death of the survivor of us as follows: . . . (c) The home place to go to our son Melick Cartwright in fee simple (As I have sold the home place I want Melick have the store house in place of the one I sold.  Hilery Cartwright)."  According to the agreed facts, the plaintiff, Cornelia Cartwright, owned in fee simple "the store house" property referred to in said Item III prior to and at the time of the execution of the joint will; the words in parenthesis were inserted

in the joint will in pencil by Hilery Cartwright after the execution thereof by him and his wife, the plaintiff, and without her knowledge or consent. The joint will, with the exception of the pencil insertion in parenthesis, was typewritten and was proven and ordered to probate on the oath and examination of two subscribing witnesses: the pencil insertions in parenthesis were proven and ordered to probate as a codicil to the typewritten will on the oath and examination of three witnesses. The decree of probate is set forth in the opinion and fails to show on its face that the purported holographic codicil was found among the valuable papers and effects of the deceased, or had been lodged in the hands of any person for safe keeping. The court in its opinion set forth the statute then in force C.S. 4144(2) in respect to the probate of holographic wills, and the statute C.S. 4131 in respect to the formal execution of wills, and said: "The words inserted in the joint will in pencil were not in it at the time of its execution, but were inserted some-time thereafter without the knowledge or consent of the plaintiff. Such words have never been properly or validly proven and probated as the will of anyone, since it does not appear on oath of any of the witnesses or other credible person that such purported holograph codicil was found among the valuable papers and effects of the decedent or was lodged in the hands of any person for safe-keeping. The insertion of these words under the circumstances was ineffective to pass title to the lands of the plaintiff." The lower court held that the deed tendered by the plaintiff Cornelia Cartwright was sufficient to convey a full and complete legal title to the lands in question, and this Court affirmed the judgment below.

*Leatherwood v. Boyd,* 60 N.C. 123, was an ejectment case. The lessor of the plaintiff adduced his title regularly to John Leatherwood, whose will conveying the same to her, was offered in evidence, but objected to for the want of a due probate. The evidence was admitted, and defendant excepted. The court held the admission of the evidence error requiring a *venire de novo,* and said in its opinion: "We are of opinion that the probate of the will of John Leatherwood was not suffi-cient according to the certificate, and it was, consequently, error to permit the will to be read in evidence. Had the certificate stopped after these words, 'The last will and testament of John Leatherwood was duly proved in common form by the oath of Rufus A. Edmonston, one of the subscribing witnesses thereto,' it would have been sufficient in this view of the question (*Marshall v. Fisher,* 46 N.C. 111; *Beckwith v. Lamb,* 35 N.C. 400; *University v. Blount,* 4 N.C. 13), on the ground that every court, where the subject-matter is within its jurisdiction, is presumed to have done all that is necessary to give force and effect to its pro-ceedings, unless there is something on the face of the proceeding to show to the contrary; for the presumption is that the court knew how to take

the probate of a will, and saw that it was properly done. But if there be anything on the face of the proceeding to show the contrary, that will rebut the presumption. . . . So it appears on the face of this proceeding that the probate was defective in this: the witness did not state that he subscribed the will, as a witness, in the presence of the testator, which is an essential requisite in the due execution of a will to pass land. The omission of this fact, where particulars are entered into, rebuts the presumption that would otherwise have been made under the maxim *omnia presumuntur rite esse acta;* consequently the probate as it now appears must be held to be defective."

G.S. 31-19 states: "Such record and probate is conclusive in evidence of the validity of the will, until it is vacated on appeal or declared void by a competent tribunal." The words of this statute have been given effect by numerous decisions of the Court, and a will probated and recorded in accord with applicable statutes may not be collaterally attacked, and constitutes a muniment of title. *In re Will of Puett, supra,* where the cases are cited. However, it would seem that this statute is restricted to a decree of probate regular on its face, and does not apply where on the face of the decree of probate it affirmatively shows that the will was not probated as required by mandatory applicable statutes for the probate of wills, as here, and when, as here, G.S. 31-39 provides "No will shall be effectual to pass real or personal estate unless it shall have been duly proved and allowed in the probate court of the proper county . . ." *Cartwright v. Jones, supra; Leatherwood v. Boyd, supra.* See also: *Blacksher Co. v. Northrop,* 176 Ala. 190, 57 So. 743, 42 L.R.A. (N.S.) 454 with annotation; 57 Am. Jur., Wills, sec. 942; Page on Wills, Third Lifetime Ed., Vol. 2, p. 340. In the case of *In re Will of Puett, supra,* the Court said, speaking in reference to the formal execution and probate of wills: "When executed, proven and recorded in manner and form as prescribed, it (a will) is given conclusive legal effect as the last will and testament of the decedent, subject only to be vacated on appeal or declared void by a court of competent jurisdiction in a proceeding instituted for that purpose."

We have a number of cases in respect to the probate and registration of deeds. The second headnote in our Reports in *Howell v. Ray,* 92 N.C. 510, reads: "Where in such cases, (the probate and registration of deeds) the evidence upon which the probate judge acted in ordering the registration is set out in full, and it appears that such evidence was insufficient, the registration is void." In *McClure v. Crow,* 196 N.C. 657, 660, 146 S.E. 713, it is said: "The registration of a deed on a probate which is apparently regular is *prima facie* evidence of its due execution, citing authority. It is otherwise when the probate upon its face is fatally defective." In *Horton v. Hagler,* 8 N.C. 48, this Court said: "But when the certificate enters into detail, and goes on to show

in what manner the deed has been proved, the inquiry into the legality of the proof is open to the court."

While the decree of the probate court declares the paper writing in question to be the last will of Richard Morris, and admitted it to probate, the testimony upon which the decree of probate was based, which is set forth in detail, shows upon its face that the paper writing here has never been properly or validly proven and probated according to our applicable statutes as the holographic will of Richard Morris. To hold otherwise would be to nullify, or, in effect, amend or repeal our applicable statutes. It would be making something out of nothing. The decree of probate in question on its face bespeaks its own impotency. Therefore, the question as to how the real or personal estate of the late Richard Morris passed by this paper writing is a moot question, and a moot question is not within the scope of our Declaratory Judgment Act. *Poore v. Poore, supra.*

If the paper writing here was properly executed, and if it is duly proved and allowed in the probate court of Randolph County so as to be effectual to pass real or personal estate, the questions sought to be determined in the instant proceeding can properly be adjudicated under our Declaratory Judgment Act.

The judgment below is ordered vacated. The present proceeding is not within the terms of our Declaratory Judgment Act.

Proceeding dismissed.

JOHNSON, J., not sitting.