IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-964

 Filed: 16 April 2019

Catawba County, No. 16 CVS 1469

CHINA LASHAE SWINT, a minor child, by and through her Guardian ad Litem,
SUSANNAH L. BROWN, Plaintiffs,

 v.

JOHN DOE, ADMINISTRATOR OF THE ESTATE OF ARON JOHNSON, JR.;
LYDIA WILLIAMS, TERRIE COVINGTON; VERDIE MAE DEGREE; SARAH
JASCSON; SELMA PHILLIPS; KATIE SARRATT; and DEEGEE HERNDON,
Defendants.

 Appeal by Defendants from order entered 8 June 2018 by Judge Nathaniel J.

Poovey in Catawba County Superior Court. Heard in the Court of Appeals 27

February 2019.

 Morgan Law, PLLC, by William E. Morgan, for Plaintiffs.

 The Law Firm of John C. Hensley, Jr. P.C., by Michael J. Greer, for Defendants.

 DILLON, Judge.

 Defendants Lydia Williams, Verdie Mae Degree, Sarah Jackson, Selma

Phillips, and Katie Sarratt (the “Defendants”) appeal from an order granting

Plaintiffs’ motion for summary judgment.

 I. Background

 Plaintiff China Swint, a minor child, commenced this action to establish that

Aron Johnson, Jr., now deceased, was her father. Ms. Swint seeks to establish the
 SWINT V. DOE

 Opinion of the Court

paternity of Mr. Johnson in this action so that she can assert a right of inheritance

in a pending special proceeding, docket number 15-E-734, regarding the

administration of Mr. Johnson’s estate.

 In December 2014, Mr. Johnson passed away, leaving no will. In 2015, within

a year of Mr. Johnson’s death, the special proceeding for the administration of his

estate referenced above was commenced. Over the course of the next year, relatives

of Mr. Johnson litigated issues concerning the proper administration of his estate.

 At the time of Mr. Johnson’s death, Ms. Swint was an adolescent minor. In

June 2016, Ms. Swint, through her guardian ad litem, commenced this present action

seeking a judgment establishing Mr. Johnson’s paternity and a declaration that she

is, therefore, entitled to rights of inheritance under our Intestate Succession Act.

 Defendants, all relatives of Mr. Johnson, answered, denying Ms. Swint’s

paternity claim.

 Ms. Swint and one of the Defendants filed cross-motions for summary

judgment. After a hearing on the matter, Ms. Swint’s motion for summary judgment

was granted and the Defendant’s motion for summary judgment was denied.

Defendants timely appealed.

 II. Analysis

 Defendants argue that the trial court erred in granting Ms. Swint’s motion for

summary judgment.

 -2-
 SWINT V. DOE

 Opinion of the Court

 We review a trial court’s ruling on a motion for summary judgment de novo.

Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

Summary judgment is proper when “there is no genuine issue as to any material fact

and . . . any party is entitled to a judgment as a matter of law.” N.C. Gen. Stat. § 1A-

1, Rule 56(c) (2018).

 In her complaint, Ms. Swint essentially sought (1) an order establishing Mr.

Johnson’s paternity and (2) a declaration that Ms. Swint has the right to inherit from

Mr. Johnson’s estate. For the following reasons, we conclude that the trial court did

not err in granting summary judgment for Ms. Swint on her claim to establish

paternity: the evidence before the trial court established Mr. Johnson’s paternity as

a matter of law. However, we further conclude that the trial court erred in granting

Ms. Swint summary judgment on her claim for a declaration that she is entitled to

inherit from Mr. Johnson, as that issue must be resolved by the clerk in the special

proceeding regarding Mr. Johnson’s estate.

 A child born out of wedlock may be entitled to rights of inheritance from her

putative father if she establishes his paternity. Specifically, N.C. Gen. Stat. § 29-19

provides that “a child born out of wedlock shall be entitled to take by, through and

from . . . [a]ny person who has been finally adjudged to be the father of the child

pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14

through 49-16[.]” N.C. Gen. Stat. § 29-19(b)(1) (2016).

 -3-
 SWINT V. DOE

 Opinion of the Court

 Chapter 49-14 allows for a child to bring an action to establish paternity even

where the putative father has already died and an estate proceeding has been

commenced. Specifically, Section 49-14 provides that where a proceeding for the

administration of the estate of the putative father has been commenced within a year

of his death, a separate action to establish paternity may be maintained if commenced

“[w]ithin the period specified in [Section] 28A-19-3(a) for presentation of claims

against an estate[.]” N.C. Gen. Stat. § 49-14(c)(3) (2016). Here, the special proceeding

was brought within a year of Mr. Johnson’s death and Ms. Swint commenced this

present action to establish Mr. Johnson’s paternity within the time required for the

presentation of claims against Mr. Johnson’s estate.1 Therefore, we conclude that

Ms. Swint has followed the proper procedure to establish Mr. Johnson’s paternity and

in a timely fashion.

 We further conclude that Ms. Swint was entitled to summary judgment on her

claim establishing Mr. Johnson as her father. Section 49-14 requires that “[i]f the

action to establish paternity is brought more than three years after birth of a child or

is brought after the death of the putative father, paternity shall not be established in

a contested case without evidence from a blood or genetic marker test.” N.C. Gen.

 1 Section 28A-19-1(b) allows for claims against an estate to be presented simply by filing an
action against the decedent’s personal representative, as was done here by the filing of this present
action. N.C. Gen. Stat. § 28A-19-1(b) (2016). We note that Defendants have never asserted that Ms.
Swint’s claim was untimely and that it does appear from the record that Ms. Swint’s claim was timely
filed.

 -4-
 SWINT V. DOE

 Opinion of the Court

Stat. § 49-14(d) (2016). Here, Ms. Swint complied with Section 49-14(d) by presenting

a DNA test, establishing Mr. Johnson’s paternity at a probability of 99.99%. Further,

Ms. Swint offered the affidavit of her mother in which her mother stated that she had

sexual relations with Mr. Johnson nine months before Ms. Swint’s birth and that she

did not have sexual relations with anyone else within a year of Ms. Swint’s birth. And

Ms. Swint offered the affidavit of a woman who was Mr. Johnson’s domestic partner

for a time after Ms. Swint’s birth who essentially stated that Mr. Johnson considered

Ms. Swint to be his daughter and acted consistently with this belief.

 There is no evidence in the record contradicting the evidence offered by Ms.

Swint. Therefore, the trial court did not err in granting summary judgment on Ms.

Swint’s claim establishing Mr. Johnson’s paternity.

 We, however, reverse the portion of the summary judgment order which

declares that Ms. Swint is entitled to take from Mr. Johnson’s estate. A trial court is

only entitled to declare rights on matters within its jurisdiction. N.C. Gen. Stat. § 1-

253 (2018) (“Courts of record within their respective jurisdictions shall have the

power to declare rights . . .[.]”). And it is within the exclusive jurisdiction of the clerk

in a special proceeding to administer estates. See N.C. Gen. Stat. § 28A-1-3 (2018)

(providing the clerk with jurisdiction to administer estates); Morris v. Morris, 245

N.C. 30, 32, 95 S.E.2d 110, 112 (1956) (stating that the clerk’s original jurisdiction

over the administration of estates is exclusive). The issue of Ms. Swint’s right to

 -5-
 SWINT V. DOE

 Opinion of the Court

inherit is more properly one to be decided by the clerk in the pending special

proceeding. We note that the clerk must treat Ms. Swint as Mr. Johnson’s legitimate

child, as his paternity has now been established in this present action. See N.C. Gen.

Stat. § 29-19 (2018). However, it is an issue for the clerk presiding in the special

proceeding to determine whether Ms. Swint is not otherwise disqualified to inherit

from Mr. Johnson’s estate.2

 AFFIRMED IN PART, REVERSED IN PART.

 Judge INMAN concurs.

 Judge COLLINS concurs in result by separate opinion.

 2 A clerk may determine that an otherwise lawful heir is disqualified from inheriting. For
example, if it is determined that the heir caused the death of the deceased, the heir may be disqualified.
See N.C. Gen. Stat. § 31A-4 (2018). We note that there is no evidence before us that Ms. Swint is in
any way disqualified from inheriting from Mr. Johnson’s estate, but that determination must be made
by the clerk based on the evidence presented in the special proceeding.

 -6-
 No. COA18-964 – Swint v. Doe

 COLLINS, Judge, concurring.

 I concur in the majority opinion, but write separately to explain how the

Complaint, which does not specifically cite N.C. Gen. Stat. § 49-14 as a basis for

Plaintiff’s paternity claim, is legally sufficient to bring the claim to the court’s

attention.

 Plaintiff’s Complaint specifically mentions N.C. Gen. Stat. §§ 29-18 and 29-19

as the legal bases for her paternity and inheritance claims. Section 29-18, which

concerns the inheritance rights of legitimated children, is not available to Plaintiff,

as the record nowhere reflects that she is a legitimated child. The record does reflect

that Plaintiff is a child born out of wedlock, however, and as mentioned, a child born

out of wedlock may take from a decedent under section 29-19 if the child gets a

judgment that the decedent was the child’s parent.

 As Defendant Williams noted in her motion for summary judgment,

posthumous determination of paternity may only be effected by N.C. Gen. Stat. § 49-

14. The Complaint does not specifically cite section 49-14 as a basis for Plaintiff’s

paternity claim, but courts have held that a plaintiff’s failure to cite the correct

statutory basis for a claim is not fatal to the claim so long as the claim brought is

legally sufficient and brought to the court’s attention. See Garrison v. Garrison, 87

N.C. App. 591, 596, 361 S.E.2d 921, 925 (1987) (“The failure to state a particular rule

number as a basis for a motion is not a fatal error so long as the substantive grounds
 SWINT V. DOE

 COLLINS, J., concurring.

and relief desired are apparent and the opponent of the motion is not prejudiced

thereby.”).

 Defendants can claim no surprise here, since (1) Plaintiff expressly sought a

determination of paternity in her prayer for judgment, (2) the Complaint mentions

section 49-14 as a possible basis for Plaintiff’s section 29-19 claim, and (3) Defendant

Williams discussed section 49-14 in her motion for summary judgment to the trial

court. Because Plaintiff’s paternity claim is legally sufficient, the correct statutory

basis for Plaintiff’s paternity claim was before the trial court, and Defendants were

aware of the proper statute (and therefore capable of contesting the claim),3 I agree

that we may construe the Complaint as having sought—and the trial court as having

granted—a declaratory judgment under section 49-14 that Mr. Johnson was

Plaintiff’s father.

 3 In contesting Plaintiff’s motion for summary judgment, Defendants could have provided the
trial court with sworn evidence controverting the DNA test report as contemplated by Rule 56(e), or
petitioned the trial court to allow them to take depositions or discovery in order to seek evidence they
might use to controvert the DNA test report as contemplated by Rule 56(f), but did neither.

 2