DILLON, Judge.
*310 *105 Defendants Lydia Williams, Verdie Mae Degree, Sarah Jackson, Selma Phillips, and Katie Sarratt (the "Defendants") appeal from an order granting Plaintiffs' motion for summary judgment.
I. Background
Plaintiff China Swint, a minor child, commenced this action to establish that Aron Johnson, Jr., now deceased, was her father. Ms. Swint seeks to establish the paternity of Mr. Johnson in this action so that she can assert a right of inheritance in a pending special proceeding, docket number 15-E-734, regarding the administration of Mr. Johnson's estate.
In December 2014, Mr. Johnson passed away, leaving no will. In 2015, within a year of Mr. Johnson's death, the special proceeding for the administration of his estate referenced above was commenced. Over the course of the next year, relatives of Mr. Johnson litigated issues concerning the proper administration of his estate.
At the time of Mr. Johnson's death, Ms. Swint was an adolescent minor. In June 2016, Ms. Swint, through her guardian ad litem, commenced this present action seeking a judgment establishing Mr. Johnson's paternity and a declaration that she is, therefore, entitled to rights of inheritance under our Intestate Succession Act.
Defendants, all relatives of Mr. Johnson, answered, denying Ms. Swint's paternity claim.
Ms. Swint and one of the Defendants filed cross-motions for summary judgment. After a hearing on the matter, Ms. Swint's motion for summary judgment was granted and the Defendant's motion for summary judgment was denied. Defendants timely appealed.
II. Analysis
Defendants argue that the trial court erred in granting Ms. Swint's motion for summary judgment.
We review a trial court's ruling on a motion for summary judgment de novo .
*106 Howerton v. Arai Helmet, Ltd ., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). Summary judgment is proper when "there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2018).
In her complaint, Ms. Swint essentially sought (1) an order establishing Mr. Johnson's paternity and (2) a declaration that Ms. Swint has the right to inherit from Mr. Johnson's estate. For the following reasons, we conclude that the trial court did not err in granting summary judgment for Ms. Swint on her claim to establish paternity: the evidence before the trial court established Mr. Johnson's paternity as a matter of law. However, we further conclude that the trial court erred in granting Ms. Swint summary judgment on her claim for a declaration that she is entitled to inherit from Mr. Johnson, as that issue must be resolved by the clerk in the special proceeding regarding Mr. Johnson's estate.
A child born out of wedlock may be entitled to rights of inheritance from her putative father if she establishes his paternity. Specifically, N.C. Gen. Stat. § 29-19 provides that "a child born out of wedlock shall be entitled to take by, through and from ... [a]ny person who has been finally adjudged to be the father of the child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16 [.]" N.C. Gen. Stat. § 29-19(b)(1) (2016).
Chapter 49-14 allows for a child to bring an action to establish paternity even where the putative father has already died and an estate proceeding has been commenced. Specifically, Section 49-14 provides that where a proceeding for the administration of the estate of the putative father has been commenced within a year of his death, a separate action to establish paternity may be maintained if commenced "[w]ithin the period specified in [Section] 28A-19-3(a) for presentation of claims against an estate[.]" N.C. Gen. Stat. § 49-14(c)(3) (2016). Here, the special proceeding was brought within a year of Mr. Johnson's death and Ms. Swint commenced *311 this present action to establish Mr. Johnson's paternity within the time required for the presentation of claims against Mr. Johnson's estate.[1] Therefore, we conclude that Ms. Swint has followed the proper procedure to establish Mr. Johnson's paternity and in a timely fashion. *107 We further conclude that Ms. Swint was entitled to summary judgment on her claim establishing Mr. Johnson as her father. Section 49-14 requires that "[i]f the action to establish paternity is brought more than three years after birth of a child or is brought after the death of the putative father, paternity shall not be established in a contested case without evidence from a blood or genetic marker test." N.C. Gen. Stat. § 49-14(d) (2016). Here, Ms. Swint complied with Section 49-14(d) by presenting a DNA test, establishing Mr. Johnson's paternity at a probability of 99.99%. Further, Ms. Swint offered the affidavit of her mother in which her mother stated that she had sexual relations with Mr. Johnson nine months before Ms. Swint's birth and that she did not have sexual relations with anyone else within a year of Ms. Swint's birth. And Ms. Swint offered the affidavit of a woman who was Mr. Johnson's domestic partner for a time after Ms. Swint's birth who essentially stated that Mr. Johnson considered Ms. Swint to be his daughter and acted consistently with this belief.
There is no evidence in the record contradicting the evidence offered by Ms. Swint. Therefore, the trial court did not err in granting summary judgment on Ms. Swint's claim establishing Mr. Johnson's paternity.
We, however, reverse the portion of the summary judgment order which declares that Ms. Swint is entitled to take from Mr. Johnson's estate. A trial court is only entitled to declare rights on matters within its jurisdiction. N.C. Gen. Stat. § 1-253 (2018) ("Courts of record within their respective jurisdictions shall have the power to declare rights ...[.]"). And it is within the exclusive jurisdiction of the clerk in a special proceeding to administer estates. See N.C. Gen. Stat. § 28A-1-3 (2018) (providing the clerk with jurisdiction to administer estates); Morris v. Morris , 245 N.C. 30, 32, 95 S.E.2d 110, 112 (1956) (stating that the clerk's original jurisdiction over the administration of estates is exclusive). The issue of Ms. Swint's right to inherit is more properly one to be decided by the clerk in the pending special proceeding. We note that the clerk must treat Ms. Swint as Mr. Johnson's legitimate child, as his paternity has now been established in this present action. See N.C. Gen. Stat. § 29-19 (2018). However, it is an issue for the clerk presiding in the special proceeding to determine whether Ms. Swint is not otherwise disqualified to inherit from Mr. Johnson's estate.[2]
*108 AFFIRMED IN PART, REVERSED IN PART.
Judge INMAN concurs.
Judge COLLINS concurs in result by separate opinion.

Section 28A-19-1(b) allows for claims against an estate to be presented simply by filing an action against the decedent's personal representative , as was done here by the filing of this present action. N.C. Gen. Stat. § 28A-19-1(b) (2016). We note that Defendants have never asserted that Ms. Swint's claim was untimely and that it does appear from the record that Ms. Swint's claim was timely filed.

A clerk may determine that an otherwise lawful heir is disqualified from inheriting. For example, if it is determined that the heir caused the death of the deceased, the heir may be disqualified. See N.C. Gen. Stat. § 31A-4 (2018). We note that there is no evidence before us that Ms. Swint is in any way disqualified from inheriting from Mr. Johnson's estate, but that determination must be made by the clerk based on the evidence presented in the special proceeding.